540 P.2d 824

**STATE of New Mexico,, Plaintiff-Appellee,**

v.

**Samuel David LEDBETTER, Defendant-Appellant.**

**No. 2018.**

Court of Appeals of New Mexico.

Aug. 20, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Gerald Chakerian, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Andrea Buzzard, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Defendant was indicted for possession with intent to distribute marijuana con-

trary to § 54–11–22, N.M.S.A.1953 (Repl. Vol. 8, pt. 2, 1962, Supp.1973). His motion to suppress was denied and included in the order denying the motion was a finding pursuant to § 21–10–2.1, N.M.S.A.1953 (Repl.Vol. 4, 1970, Supp.1973), that an interlocutory appeal was appropriate. We granted defendant's application for interlocutory appeal based upon what defendant considers the controlling question of law:

"In the absence of an arrest, a warrant, a consent, an inventory or probable cause for any crime except the original careless driving, which was not pursued, did the police violate the prohibition against unreasonable search and seizure when they ordered the occupants out of the car and searched for more beer, thus making the subsequently discovered marijuana subject to suppression as fruit of the poisonous tree?"

Of course, to ask the question is to answer it. We accordingly reverse.

The facts which gave rise to the search, which revealed the evidence sought to be suppressed, are somewhat fuzzy. Officers Nix and Mauldin of the Alamogordo Police Department testified at the hearing on the motion to suppress. The substance of their testimony was that they were on routine patrol and saw a parked car abruptly leave the curb without looking to see if there was any oncoming traffic. They followed the car and stopped it, intending to cite the driver for careless driving. The car contained the defendant-driver Ledbetter and two co-defendants—Smith, in the front passenger seat and Haddock in the rear seat. Nix testified that Ledbetter immediately exited the car. Mauldin said that all three remained in the car until told to exit. The discrepancy is unimportant. Ledbetter was asked to produce his license and Smith handed it to Mauldin who was standing at the passenger's door.

At this point, both officers noticed that the vehicle contained open containers of beer. Nix said that one can was on the floorboard in front of the driver and one was in the back. Mauldin said that one

can was on the front passenger side and one was in the back. There was also testimony that Smith was holding one of the cans. Again, the discrepancy is unimportant. We can find no violation of any law to possess an open container of beer in a vehicle. The officers both testified, however, that they became concerned that one of the defendants may have been a minor in which case there existed the possibility of a violation of law. It is unclear what law the officers thought the defendants were violating. The state introduced into evidence at the hearing the Municipal Ordinances of Alamogordo with particular reference to § 12–6–13.11 thereof, prohibiting a minor from operating a motor vehicle while possessing alcoholic beverages. This ordinance parallels § 64–22–17, N.M. S.A.1953 (2d Repl.Vol. 9, pt. 2, 1972). From the officers' later testimony that it was mainly the defendant, Ledbetter, about whose age they were concerned, we surmise that it was conduct prohibited by the above enumerated sections in which the officers were interested. We note that it is also a violation of law for any minor to possess alcoholic beverages. Section 46–10–12(B), N.M.S.A.1953 (Repl.Vol. 7, 1966, Supp.1973). The fact is that none of the three defendants were minors at the time in question.

After seeing the first can of beer, the officers asked if there was any more beer in the car, to which the reply was in the negative. They then saw the second can. In the meantime, there was some discussion relating to Ledbetter's license. Apparently he has a permit restricted to driving to and from work. Both officers testified that there was also a discussion as to defendants ages. It was Nix' testimony that he ascertained Ledbetter's age upon viewing the license, Haddock upon questioning prior to his exit of the vehicle and Smith not until booking. Mauldin testified that before the defendants exited the car, he was satisfied that both Smith and Haddock were over the age of majority. It was only Ledbetter with whom he was con-

cerned. Yet Ledbetter's license showed he was over the age of majority.

At any rate, the defendants were ordered out of the car so that the officers might retrieve the beer and look for more beer. While Mauldin was getting into the back seat of the car he noticed debris which he recognized as marijuana on the floor of the car. He pointed this out to Nix. The officers then patted down the defendants and made a thorough search of the car which resulted in the seizure of a quantity of marijuana. Presumably the defendants were then placed under arrest for the violation concerning the marijuana. No citation was made with regard to the original alleged violation.

The trial court denied defendant's motion to suppress and held ". . . a valid search and seizure as not being unreasonable under the plainview doctrine as probable cause to search incidental to a lawful arrest." The state attempts to justify the search on three theories—plain view, probable cause plus exigent circumstances and search incident to arrest. See *State v. Gorsuch,* 87 N.M. 135, 529 P.2d 1256 (Ct. App.1974). None of these theories finds support in the record.

■■ The marijuana was not in plain view until the officers ordered the defendants out of the car and proceeded to enter the car themselves. In order for the plain view rule to be applicable, the officers must lawfully be in the position that enabled them to see what is allegedly in plain view. *State v. Miller,* 80 N.M. 227, 453 P. 2d 590 (Ct.App.1969). The state contends that the officers were lawfully entitled to order the defendants out of the car pursuant to their investigation of a possible violation of § 46–10–12(B), *supra,* [prohibiting the possession of alcoholic beverages by minors], or § 40A–22–5, N.M.S.A.1953 (2d Repl.Vol. 6, 1972), [prohibiting the concealment of any evidence with the intent to prevent the prosecution of any person]. In addition, the state contends that the ordering of the defendants out of the

car was the initial stage of a search incident to Ledbetter's detention for careless driving. There is no question but that this intrusion was a search. As there was no search warrant, the search must find its justification in one of the exceptions to the warrant requirement. *State v. Gorsuch, supra.* In *Gorsuch,* we recognized three exceptions to the warrant requirement—plain view, probable cause plus exigent circumstances and search incident to arrest. Three others come to mind—consent [see *State v. Bidegain,* 88 N.M. 384, 540 P.2d 864 (Ct.App.), No. 1637, decided May 28, 1975], inventory [see *State v. Vigil,* 86 N.M. 388, 524 P.2d 1004 (Ct.App.1974)]; however, compare *State v. Nemrod,* 85 N.M. 118, 509 P.2d 885 (Ct.App.1973); and hot pursuit [see *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967)].

■■ In this case, the officers testified that their entry into the car was not by consent nor to inventory. Clearly the facts of the case make the doctrine of hot pursuit inapplicable. As has already been indicated, there was no marijuana in plain view at the time the officers ordered the defendants out of the car to look for more beer. There was unequivocal testimony that there was no arrest for any charge at the time of the search for the beer. As defendant was not taken into custody for the driving violation, the doctrine in *United States v. Robinson,* 414 U.S. 218, 94 S. Ct. 467, 38 L.Ed.2d 427 (1973), would not be applicable. The search cannot be justified by the search incident to arrest theory. The scope of a warrantless search must be commensurate with the rationale that excepts the search from the warrant requirement. *Cupp v. Murphy,* 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed.2d 900 (1973).

The search and seizure must therefore find its justification, if any, in the fact that the officers had probable cause to believe that a crime was being or had been committed plus the existence of exigent circumstances. We will assume that exigent circumstances were present due to the

fact of the car, although such is not always the case. See *State v. Coleman,* 87 N.M. 153, 530 P.2d 947 (Ct.App.1974). It is only that we do not believe that the officers had any probable cause to search and therefore need not concern ourselves with exigent circumstances.

There were two violations for which the officers could have had probable cause for believing that they were committed. These are the traffic offense and the crimes that related to possession of alcoholic beverages by minors. The fact that defendant abruptly left the curb would not give the officers any cause to believe that any seizable evidence was in the car. The case thus boils down to the question of whether or not the officers had probable cause to believe that an offense relating to possession of alcoholic beverages by minors was being committed.

" 'The substance of all the definitions' of probable cause 'is a reasonable ground for belief of guilt.' . . . Probable cause exists where 'the facts and circumstances within their [the officers'] knowledge, and of which they had reasonably trustworthy information, [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. . . ." *Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). The alleged offense herein under investigation related to the possession of alcoholic beverages by minors. The officers saw the alcoholic beverages. The question is whether they had reasonable grounds to believe that any of the defendants were minors.

Officer Mauldin testified that he believed that Smith and Haddock were over the age of majority. He said that he thought Ledbetter was under twenty-one. Nix testified that before the defendants were asked to leave the vehicle, he was satisfied that both Ledbetter and Haddock were over the age of twenty-one. He said that he did not find out Smith's age until booking.

Neither Mauldin nor Nix ever explained why either of them believed any of the three occupants were under twenty-one. *State v. Lewis,* 80 N.M. 274, 454 P.2d 360 (Ct.App.1969) states:

" . . . To justify such an invasion of a citizen's personal security, the police officer must be able to specify facts which, together with rational inferences therefrom, reasonably warrant the intrusion. . . ."

No facts have been specified in this case warranting the intrusion. Defendant's motion to suppress should have been granted as being conducted without a warrant and not pursuant to any exception to the warrant requirement. *State v. Gorsuch, supra.*

The order of the trial court denying the motion to suppress is reversed and the case is remanded.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.