557 P.2d 576

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Della Marie SANTILLANES, Defendant-Appellant.**

**No. 2665.**

Court of Appeals of New Mexico.

Nov. 23, 1976.

Certiorari Denied Dec. 22, 1976.

Jan A. Hartke, Acting Chief Public Defender, Reginald J. Storment, Appellate Defender, Janet E. Clow, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

This interlocutory appeal was granted because of the search and seizure question presented by defendant's motion to suppress heroin taken from defendant.

A search warrant was obtained to search a specified residence, a specified vehicle and Santillanes, the husband of defendant. The affidavit in support of the search warrant shows probable cause for issuance of the search warrant.

The officers came up to the vehicle after it had stopped. Santillanes, the driver, had gotten out of the vehicle. Defendant, the wife of Santillanes, was sitting in the front seat with an infant.

The officers patted Santillanes down for weapons. One of the officers opened the door of the vehicle on the passenger side and ordered defendant out of the vehicle. Because of the "particular neighborhood" the vehicle was not searched at the scene, but was taken to the police station and searched there. Other than a syringe, nothing incriminating was found in the vehicle. The officers at the scene were male. The custom is that matrons search female subjects. A call was put in for a female officer, but none were working that area on that day. Defendant was transported to the police station to be searched.

Defendant was aware that she was to be searched. Prior to the search she removed two tinfoil packets from one of her boots and handed them to an officer. One of the packets contained heroin.

The State has never contended that defendant consented to a search or voluntarily gave up the heroin.

One of the State's contentions before the trial court was that the warrant authorizing the search of the vehicle also authorized the search of the contents of the vehicle, including human occupants. That contention has been abandoned in the appeal. See *United States v. Di Re,* 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948).

The State contends that the officers had probable cause to search defendant at the scene and because of exigent circumstances, removal of defendant to the police station to be searched was proper. See *State v. Ledbetter,* 88 N.M. 344, 540 P.2d 824 (Ct.App.1975). We agree.

█ No further discussion is required concerning exigent circumstances; the issue is whether the officers had probable cause, at the scene, to search defendant. "Probable cause exists when the facts and circumstances within the officers knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed." *State v. Blea,* 88 N.M. 538, 543 P.2d 831 (Ct.App.1975).

We itemize the facts either known to the officers or of which they had reasonably trustworthy information.

1. A warrant, based on probable cause, had been issued to search the vehicle and the driver of the vehicle for heroin.

2. Defendant, the wife, was sitting in the front seat of the vehicle driven by her husband.

3. When ordered out of the vehicle, defendant "remarked something to the effect, 'You can't search me' or 'You're not going to search me.'"

4. Defendant appeared nervous.

5. The officer testified: "And I got the impression that, knowing that there was a search warrant for heroin and knowing that the heroin was either concealed in the residence or in the vehicle, I felt in my own mind that this young lady had it on her person or on the person of the infant."

6. The officer's impression was based on what he had observed and on "[p]ast experiences with this exact type of situation." (The situation is the female alongside the male in the vehicle, a warrant based on probable cause to search the male, heroin found on the female.)

7. The officer had been a narcotics officer for six years and had made a lot of personal searches for narcotics.

█ The officer's experience with the factual situation in this case, combined with defendant's remarks when exiting the car and her nervousness were sufficient, in our opinion, to warrant the officer, as a man of reasonable caution, to believe that defendant possessed heroin.

The trial court's order denying the motion to suppress is affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.