560 P.2d 951

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Carl BELL, Defendant-Appellant.**

**No. 2610.**

Court of Appeals of New Mexico.

Feb. 8, 1977.

Certiorari Denied March 10, 1977.

Jan A. Hartke, Chief Public Defender, Reginald J. Storment, App. Defender, Janet Clow, Asst. Public Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Suzanne Tanner, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The appeal involves two receiving stolen property convictions. One conviction was for receiving stolen property valued over $100.00 but not more than $2,500.00. The other conviction was for receiving a firearm valued less than $2,500.00. Section 40A–16–11, N.M.S.A.1953 (2d Repl. Vol. 6, Supp. 1975), Paragraphs E and G. The issues concern: (1) seizure of the stolen items, (2) the number of offenses, and (3) double jeopardy.

*Seizure of Stolen Items*

(a) The Pistol

■ The conviction for receiving a stolen firearm is based upon a pistol which officers discovered when searching a locked drawer of a gun cabinet. Defendant asserts his various trial court motions to suppress the pistol should have been granted because the pistol was seized during a warrantless search, and the State did not meet its burden of justifying the seizure in those circumstances.

If the pistol were seized during a warrantless search we would agree with defendant. The State did not show a basis for seizing the pistol during a warrantless search. See *State v. Ledbetter,* 88 N.M. 344, 540 P.2d 824 (Ct.App.1975); *State v. Gorsuch,* 87 N.M. 135, 529 P.2d 1256 (Ct. App.1974). However, the pistol was not discovered during a warrantless search.

Officers went to defendant's residence in Truth or Consequences to execute a warrant authorizing a search for property stolen from the residence of David Slade in Albuquerque. The affidavit on which this warrant was based had an attachment. The attachment was some 18 pages listing items stolen from the Slade residence. A common sense reading of the affidavit and warrant is that officers were authorized to search for all the property itemized. See *Andresen v. Maryland,* 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976). More than a dozen weapons were included in the itemization of property stolen from Slade. The warrant authorized a search for these weapons.

There is nothing indicating that the officers were not searching pursuant to the (Slade property) warrant when the officers broke open the locked drawer and discovered the pistol. Specifically, the record does not show a bad faith search or a search beyond the scope of the (Slade property) warrant. See *State v. Alderete,* 88 N.M. 619, 544 P.2d 1184 (Ct.App.1976); *United States v. Tranquillo,* 330 F.Supp. 871 (D.C. Fla.1971).

The pistol seized was an Erma Wercke 380 automatic pistol. The closest description on the list of stolen weapons was a "32 automatic pistol". The evidence at trial was that the Erma Wercke pistol was stolen from someone other than Slade. No inquiry was made as to whether the officer reasonably believed that the Erma Wercke pistol was in fact the 32 automatic that was listed.

Defendant's claim throughout has been that the Erma Wercke pistol should have been suppressed as evidence because it was not an item listed in the affidavit for the

(Slade property) warrant. Such a claim is insufficient. There are situations where items not described in the affidavit and warrant may properly be seized. *State v. Alderete,* supra; *State v. Warner,* 83 N.M. 642, 495 P.2d 1089 (Ct.App.1972); Compare *State v. Paul,* 80 N.M. 521, 458 P.2d 596 (Ct.App.1969) cert. denied, 397 U.S. 1044, 90 S.Ct. 1354, 25 L.Ed.2d 654 (1970). In *Andresen v. Maryland,* supra, the United States Supreme Court upheld the seizure of items not described in the warrant on the basis that the officers "reasonably could have believed" that the seized items could be used to show defendant's intent with respect to items seized pursuant to the warrant.

The trial court was not asked and it did not rule on the question of whether the Erma Wercke pistol was properly seized pursuant to the (Slade property) warrant. In this state of the record we cannot say that the trial court erred in refusing to suppress the Erma Wercke pistol. Compare *State v. Vallejos,* 89 N.M. 23, 546 P.2d 871 (Ct.App.1976).

(b) The Generator and Lantern

■ During the course of the search pursuant to the (Slade property) warrant, the officers viewed items of property which apparently could not be related to the property stolen from Slade. Some of the property so viewed was identified as having been stolen from a gun club. The officers obtained a second warrant and seized the gun club property. In addition, they seized a stuffed Javelina head stolen from Patterson. The evidence is that the sheriff remembered that the Javelina head had been stolen and that the Javelina head was seized on the basis that it was illegally possessed by defendant. *State v. Carlton,* 82 N.M. 537, 484 P.2d 757 (Ct.App.1971). No issue is raised on appeal concerning the seizure of the gun club or Patterson property.

In the course of executing the second (gun club property) warrant, officers seized additional items of property, among which were a generator and lantern. The trial evidence is that these two items belonged to and had been stolen from the United States Forest Service.

Defendant claims the generator and lantern should have been suppressed as evidence. We agree. There is nothing showing these two items were seized pursuant to a search authorized by either of the two warrants. In addition, there is nothing showing a basis for a warrantless seizure of these two items. Although the Forest Service burglary had been reported to the sheriff, the record does not show that the generator and lantern were seized because reasonably believed to be illegally possessed property. Rather, these two items were among two dozen items seized as "suspected" stolen items. The sheriff testified that if an item was "similar" to anything that had been reported as stolen, it was seized on the assumption that the item was stolen property. Seizure of the generator and lantern was improper because the evidence shows these two items were seized pursuant to a warrantless general search for "suspected" stolen property.

Although the generator and lantern should have been suppressed, the erroneous admission of these items as evidence does not aid the defendant. These items were admitted as part of the proof that defendant received stolen property in excess of $100.00 but less than $2,500.00. This charge was established by proof of the gun club and Patterson property; this proof consisted of eight exhibits not challenged in the appeal. The gun club and Patterson property proof was overwhelming; admission of the generator and lantern was harmless error. *State v. Self,* 88 N.M. 37, 536 P.2d 1093 (Ct.App.1975); *State v. Thurman,* 84 N.M. 5, 498 P.2d 697 (Ct.App.1972).

*Number of Offenses*

■ The evidence is to the effect that the stolen property (the pistol, the gun club property and the Patterson property) was in defendant's possession prior to execution of the first (Slade property) search warrant. Defendant contends that possession of numerous items of stolen property amounts to

only one crime. He states: "The statute does not make it a separate crime for possession of each item of stolen property but rather increases the penalty by the value of the stolen property possessed."

Defendant also asserts that when one possesses a stolen firearm, and also possesses other stolen goods, there is only one offense. The contention is that the offense of receiving stolen property is stated in Paragraph A of § 40A–16–11, supra, that Paragraphs E and G deal only with punishment, and that only one punishment could be imposed because only one offense was committed.

The contentions are based on a false premise. Section 40A–16–11, supra, provides that the offense is committed by either receiving, retaining, or disposing of stolen property. In this case we are concerned with "receiving"; the jury was instructed in terms of defendant "acquiring" the stolen property.

If defendant received the stolen pistol at a time different from the time that he received the gun club and Patterson property, then there were two offenses for which two sentences would be imposed even though at the time of discovery defendant possessed all the stolen property involved. This view is consistent with defendant's position in the trial court. He stated: "If you have the evidence to show that he received from John Smith on Tuesday and he received from Dave Gordon on Wednesday and someone other on Thursday those are separate crimes but those facts can't be revealed here."

Each separate "receiving" is a separate crime. See *State v. Tapia,* 89 N.M. 221, 549 P.2d 636 (Ct.App.1976). The evidence is that the pistol was stolen in 1974; the gun club and Patterson burglaries occurred in 1975. There is evidence to the effect that defendant received the pistol in 1974 and the other stolen property in 1975.

There is evidence of two crimes of receiving; defendant could be sentenced for each crime.

*Double Jeopardy*

In a separate case defendant was charged with violating § 40A–16–11, supra, on the basis that he received property stolen from Slade. After the jury was selected and sworn, the State moved that this charge be dismissed. The motion was granted; the charge was dismissed with prejudice.

Dismissal of the charge involving the Slade property occurred before defendant was tried on the two charges involved in this appeal. "Defendant contends that the dismissal with prejudice in Cause No. 3663 [the Slade property charge] is a double jeopardy bar to the charges in the instant case because all of the charges grew from the same evidence; there was only one possession."

We have previously pointed out that the offense of "receiving" is based on acquiring as opposed to possessing the stolen property. The two receiving charges in this case were not based on the same evidence as would have been involved in the case involving the Slade property. There was no double jeopardy. *State v. Tanton,* 88 N.M. 333, 540 P.2d 813 (1975).

The judgments and sentences are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.