577 P.2d 465

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Anthony VALDEZ, Defendant-Appellant.**

**No. 3246.**

Court of Appeals of New Mexico.

March 28, 1978.

Anthony E. Lucero, Jr., Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant's appeal from his conviction for possession of heroin raises a search and seizure question. We discuss: (1) lawfulness of officers' presence; (2) lawfulness of defendant's detention; and (3) probable cause to search.

Officers had a search warrant to search Baca, the premises, curtilage and a car described in the affidavit, and "all persons aged 17–50 on or arriving at the premises . . . at time of execution of the search warrant." Baca, defendant, and two females were on the premises, getting ready to leave the premises in a car, when officers arrived to execute the warrant. These four persons returned to the residence while the search was conducted. While in the residence, defendant was searched. Several caps of heroin were found in his sock, two syringes were found in his pocket. Defendant claims this search and seizure was illegal, and the trial court erred in refusing to suppress the evidence seized.

### Lawfulness of Officers' Presence

■ No one claims that the "all persons" language in the search warrant authorized a search of defendant. Accordingly, we do not consider whether the affidavit justified an "all persons" warrant.

Defendant contends the "all persons" language made the warrant an invalid general warrant and, therefore, the officers were not lawfully on the premises. We disagree. The "all persons" language did not cause the warrant to be invalid as to Baca or his premises; rather, the "all persons" language was surplusage. *State v. Maddasion*, 24 Ariz.App. 492, 539 P.2d 966 (1975). The warrant being valid as to Baca and his premises, the officers were lawfully on the premises pursuant to the warrant.

### Lawfulness of Defendant's Detention

■ The trial court found that defendant voluntarily returned to the residence from the car. Defendant asserts the evidence does not support this finding. The evidence of voluntariness is conflicting; substantial evidence supports the finding. The finding, however, is not dispositive of the lawfulness of defendant's detention.

Whether or not defendant voluntarily returned to the residence, the evidence is that once he returned to the residence, he was not free to leave. Thus, the issue is the lawfulness of defendant's detention regardless of whether it began at the car or inside the residence.

*City of Olympia v. Culp*, 136 Wash. 374, 240 P. 360 (1925), aff'd, 136 Wash. 694, 240 P. 362 (1925), states:

Officers making a search of premises under a search warrant may lawfully detain all persons found therein until the search is concluded. Any other rule would frustrate the purposes of the search; the officers would be compelled to stand idly

by while the articles for which the search was instituted were carried away.

See *Frankel v. State*, 178 Md. 553, 16 A.2d 93 (1940); *Van Horn v. State*, 496 P.2d 121 (Okl.Cr.1972); *State v. Ryan*, 163 Wash. 496, 1 P.2d 893 (1931). Whether the detention is called an investigatory stop or an arrest, it is reasonable to detain persons found on the premises while the search is being conducted pursuant to a search warrant. Compare *United States v. Sanchez*, 450 F.2d 525 (10th Cir. 1971).

Defendant was lawfully detained while Baca's premises were searched pursuant to the warrant.

*Probable Cause to Search*

■ We do not consider the argument that the officers had probable cause to search defendant at the time they arrived on the premises.

While being detained, defendant was observed to nod, his eyes were droopy and his speech was slurred. The testimony, based on the officer's experience, was that this was the "normal" reaction after heroin use. There was no odor of alcohol from defendant. The officer "knew for a fact" that defendant was a heroin user. The officer testified that, in light of his observations and experience, defendant had "used" heroin within a matter of minutes of the officer's observations.

The matters in the foregoing paragraph are more than the intuition claimed by defendant; the matters provided probable cause to believe defendant possessed heroin, and probable cause for the search at which the heroin was found. *State v. Santillanes*, 89 N.M. 727, 557 P.2d 576 (Ct.App.1976); *State v. Yanez*, 89 N.M. 397, 553 P.2d 252 (Ct.App.1976); *State v. Blea*, 88 N.M. 538, 543 P.2d 831 (Ct.App.1975); *United States v. Sanchez*, supra.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.