619 P.2d 843

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**John Calvin OLLOWAY,
Defendant–Appellant.**

**No. 4752.**

Court of Appeals of New Mexico.

Aug. 19, 1980.

Rehearing Denied Sept. 4, 1980.

Writ of Certiorari Denied Oct. 6, 1980.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Asst. Appellate Defender, Santa Fe, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

## OPINION

HENDLEY, Judge.

We proposed summary affirmance on the three issues raised in the docketing statement. The defendant did not consent affirmance on the first two issues, but did contest affirmance on the third issue–sufficiency of the evidence to establish the element of knowledge regarding the charge of receiving stolen property. Section 30–16–11, N.M.S.A.1978.

 Subsequently, we recalendared the cause proposing summary reversal. The State contested this proposed action on two grounds. *First*, that *State v. Rhea*, 94 N.M. 169, 608 P.2d 145 (1980), "precludes a summary calendar." We do not believe the Supreme Court intended to abolish its Rule 207(d) of the Rules of Criminal Appellate Procedure, N.M.S.A.1978, which authorizes summary calendar. *Second*, that "knowledge is presumed when a person is found in possession or control of property stolen from two or more persons on separate occasions." This may have been the former law (*see State v. Jones*, 88 N.M. 110, 537 P.2d 1006 (Ct.App.1975)), but as amended, § 30–16–11(B), *supra*, it now only specifies dealers. In a word, the State failed to bring to our attention any additional circumstances to support the conviction of receiving stolen property.

The defendant's memorandum in opposition states:

The first eight witnesses who testified for the State established that certain of their possessions had been stolen, that certain articles then in evidence were those articles, and that each had a certain value.

(D.S. at 2) The only other State's witnesses were police officers who, after testifying that these goods had been seized from defendant–appellant's apartment, were unable to testify "with certainty" that defendant–appellant had knowledge that the items in question were stolen.

The docketing statement recites that the eight witnesses testified and identified the property as stolen from them on various dates, extending over a period of approximately three months, and that the items were "television sets, stereo and cassette tape players" and other items.

In *State v. Elam*, 86 N.M. 595, 526 P.2d 189 (Ct.App.1974), we stated:

\* \* \* [M]ere possession of recently stolen property is not sufficient in and of itself to warrant the conviction of a defendant on a charge of having stolen property in his possession, but *that such possession, if not satisfactorily explained, is a circumstance to be taken into consideration with all of the other facts and circumstances in the case in determining the guilt or innocence of the defendant.* \* \* \* [Emphasis added].

*State v. Follis*, 67 N.M. 222, 223, 354 P.2d 521 (1960). This has been interpreted to mean that "Possession of the stolen property is a circumstance to be considered in determining whether the offense has been committed." *State v. Sero*, 82 N.M. 17, 19, 474 P.2d 503, 505 (Ct.App.1970).

 Thus possession, which is not contested, is a circumstance to be considered. In addition to possession, we feel the sheer number of items taken from various owners on various dates is an additional factor to be considered. *Cf. Hughes v. State*, 536 P.2d 990 (Okl.Cr.1975). A further consideration is that some of the items were duplicates. We have no doubt that a rational trier of fact, when presented with evidence of possession of the various items, several of them duplicates, in defendant's one bedroom apartment, could have found defendant guilty beyond a reasonable doubt with regard to each essential element (possession and knowledge) of receiving stolen proper-

ty. *State v. Carter*, 93 N.M. 500, 601 P.2d 733 (Ct.App.1979).

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.