640 P.2d 1325 (1982)
97 N.M. 448
Manuel SANCHEZ and Arthur Sanchez, Petitioners,
v.
STATE of New Mexico, Respondent.
No. 13803.
Supreme Court of New Mexico.
February 4, 1982.
Rehearing Denied February 26, 1982.
Marchiondo & Berry, William C. Marchiondo, Albuquerque, for petitioners.
Jeff Bingaman, Atty. Gen., Heidi Topp Brooks, Asst. Atty. Gen., Santa Fe, for respondent.

OPINION
RIORDAN, Justice.
Defendants were indicted for "receiving stolen property" with a value exceeding $2,500, in violation of Section 30-16-11(A) and (F), N.M.S.A. 1978, and as accessories under Section 30-1-13, N.M.S.A. 1978. After a pre-trial hearing on a motion to dismiss filed by the defendants, the trial court dismissed the indictment. The Court of Appeals summarily reversed the trial court. We granted certiorari; and we reverse the Court of Appeals.
*1326 The indictment alleges that on July 2, 1980, the defendants "received, retained or disposed" of 72 different items that belonged to four separate parties. Under New Mexico law, it is unlawful to "receive stolen property." Section 30-16-11(A), reads:
Receiving stolen property means intentionally to receive, retain or dispose of stolen property knowing that it has been stolen or believing it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner. [Emphasis added.]
Under Section 30-16-11(D) through (G), N.M.S.A. 1978, penalties are set forth that increase as the value of the stolen property increases.
The statute contemplates that a person may commit "receiving stolen property" in one of three ways. The property may be "received", or the property may be "retained", or the property may be "disposed" of by a defendant. Proof of any one of these methods, coupled with the requisite knowledge, is sufficient to sustain a conviction. See State v. Carlton, 82 N.M. 537, 484 P.2d 757 (Ct.App.), cert. denied, 82 N.M. 534, 484 P.2d 754 (1971) (decided under § 40A-16-11, N.M.S.A. 1953 (Repl.Vol. 1964)).
The defendants allege that the properties belonged to four separate victims; therefore, the defendants should be charged with four separate counts. The indictment, however, cumulated the four charges for the purpose of enhancing the penalty, thereby making the crime a third degree felony.
The issue in this appeal is whether the property taken from more than one owner or at more than one time can be combined together into one count, thereby combining the values of the stolen items to increase the penalty.
"Receiving", "retaining" or "disposing" of stolen property are separate crimes requiring different considerations. If the defendant is charged with "receiving" stolen property, each "receiving" of the stolen property is a separate crime and the defendant may be charged with a separate offense for each. State v. Bell, 90 N.M. 160, 560 P.2d 951 (Ct.App.), cert. denied, 90 N.M. 254, 561 P.2d 1347 (1977).
If the defendant received the stolen [property] . .. at a time different from the time that he received the [other stolen property] ..., then there were two offenses for which two sentences would be imposed even though at the time of discovery defendant possessed all the stolen property involved.
Id. at 163, 560 P.2d at 954.
In Bell, the defendant was charged with two counts of receiving stolen property. On appeal, he contended that the possession of numerous items of stolen property amounted to one crime. The Court of Appeals ruled that since there was evidence showing two separate "receivings", the defendant could be sentenced for two crimes.
The question that arises is if there is more than one "receiving" may the State combine the separate acts into one crime? The answer is that they may not. To allow the State to join or sever counts alleging "receiving" would violate the defendant's rights. It would allow the State to increase a misdemeanor to a felony by combining separate offenses to reach the statutory amount for a felony.
However, if the indictment meant to charge the defendants with "retaining" stolen items owned by different individuals, then the defendant may be charged with only one count. The simultaneous possession of stolen items owned by different individuals is a single act constituting one offense. State v. Reisig, 128 Ariz. 60, 623 P.2d 849 (Ct.App. 1980); State v. Gilbert, 27 Or. App. 1, 555 P.2d 31 (1976). In People v. Harris, 71 Cal. App.3d 959, 139 Cal. Rptr. 778 (1977), the defendants were convicted of nine counts of possession of stolen property. All the stolen items were seized from Harris' residence pursuant to a search warrant. Each item seized constituted an offense, for example, two televisions that were seized made up two offenses. The appellate court reversed the trial court holding that the *1327 defendant stood convicted of only one count of possession of stolen property.
Thus, the values of all the stolen items could be added together to reach a felony rather than separating the values by ownership or item.
If the indictment meant to charge the defendants with "disposing" of stolen property, then the defendants may be charged with a separate count for each separate transaction of such disposure. See United States v. Schrenzel, 462 F.2d 765 (8th Cir.), cert. denied, 409 U.S. 984, 93 S.Ct. 325, 34 L.Ed.2d 248 (1972). In Schrenzel, the indictment charged four separate sales of drugs by the defendant on four separate days. The defendant argued that the sales of the drugs were a continuing transaction, thus there was only one offense instead of four. The court held that these were separate transactions. "`The test to be applied to determine whether there are two offenses or only one is whether each count requires proof of an additional fact which the other does not.'" (Citations omitted.) Id. at 771.
In the present case, if the defendants were charged with "disposing" of stolen property on different occasions, each "disposing" would constitute a separate count because different facts would be involved.
We have reviewed the indictment in this case which is extremely vague. The indictment in a single count stated that "the defendants `received, retained and disposed' of stolen property." These offenses were not charged separately or plead in the alternative. Therefore, we determine that the trial court was correct in dismissing the indictment. We do not have a transcript of the motion hearing, but all doubts are resolved in favor of the trial court's ruling. United Nuclear Corp. v. General Atomic Co., 93 N.M. 105, 597 P.2d 290, cert. denied, 444 U.S. 911, 100 S.Ct. 222, 62 L.Ed.2d 145 (1979).
The grand jury indictment is to inform the defendants of the nature of the charge so that surprise is avoided. United States v. Papia, 399 F. Supp. 1381 (E.D.Wis. 1975). "Every accused has the right to be informed of the crime with which he is charged in sufficient detail to enable him to prepare his defense." State v. Foster, 87 N.M. 155, 157, 530 P.2d 949, 951 (Ct.App. 1974). Under this indictment, the defendant cannot tell whether he is being charged with "receiving", "retaining" or "disposing" of the stolen property, nor can it be determined whether the charges are being "stacked" to enhance the penalty.
The trial court was correct in its ruling that the indictment is faulty and must be dismissed.
The Court of Appeals is reversed; the district court is affirmed.
SOSA, Senior Justice, and PAYNE and FEDERICI, JJ., concur.
EASLEY, C.J., dissents.