670 P.2d 963

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Henry Morgan SMITH,**
**Defendant-Appellant.**

**No. 6059.**

Court of Appeals of New Mexico.

June 23, 1983.

Martha A. Daly, Rothstein, Bailey, Bennett & Daly, Santa Fe, for defendant-appellant.

Paul Bardacke, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

DONNELLY, Judge.

Defendant was convicted of three counts of retaining stolen property in violation of NMSA 1978, § 30–16–11. He appeals. Three claims of error are presented on appeal: (1) insufficiency of evidence; (2) denial of due process; and (3) error in charging separate offenses. Other issues listed in the docketing statement but not briefed are deemed abandoned. *State v. Sanchez,* 98 N.M. 428, 649 P.2d 496 (Ct.App.1982).

Defendant was initially charged under a criminal information with six counts of unlawfully receiving stolen property. Subsequently the State filed an amended criminal information charging defendant with three separate counts of receiving stolen property and involving: Count I, two generators; Count II, three firearms; and Count III, a television set and a stereo.

On November 9, 1981, two generators were discovered missing from a loading dock at the Texas State Technological Institute (TSTI) in Amarillo, Texas. Defendant had a salvage permit from the Institute authorizing him to salvage items from buildings which were being demolished on the campus. Several months later the generators were located in Clovis, New Mexico, and possession was traced to the defendant. When defendant was arrested he was also found to be in possession of a stereo set which had been taken in a burglary from the residence of Jo Ann Reynolds in Clovis. Defendant was also charged with possession of a television set, and three firearms (.22 caliber rifle, 12 gauge shotgun and Savage 300 rifle), all taken as a result of a burglary of the home of John Holland in Clovis.

I. Defendant's initial point challenges the sufficiency of the evidence to show that defendant knew the generators were stolen property. Defendant asserts that he had a salvage permit at TSTI which authorized him to salvage items from buildings on the campus and which the institution was demolishing in order to make room for future expansion. Defendant did not testify at trial; however, a campus security officer, Martha Cook, testified that she was notified that two generators belonging to TSTI had been lost or stolen from a loading dock at a supply building on the campus.

Don Smith, defendant's brother, testified that he helped his brother take the two generators from the loading dock at a supply building at TSTI, that he repainted the generators, and he had placed advertisements in newspapers in Raton, Albuquerque, and Clovis, listing the items for sale. He testified the advertisements included both the names and phone numbers of defendant and himself. The price at which defendant advertised the equipment for sale was comparable to its current market value. Defendant contends the evidence at trial, at best, indicates that he mistakenly obtained the generators as a salvager and that his conduct was that of an innocent person. We disagree.

The substantive elements of the offenses for which defendant was convicted are set out in § 30–16–11, *supra:*

Receiving stolen property means intentionally to receive, retain or dispose of stolen property knowing that it has been stolen or believing it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner.

Scienter is necessary for conviction of receiving stolen property. However, since knowledge that property was stolen can seldom be proven by direct evidence, resort must often be made to circumstantial evidence. *See* 1978 NMSA, UJI Crim. 1.50 (1982 Repl.Pamp.); *State v. Elam,* 86 N.M. 595, 526 P.2d 189 (Ct.App.1974); *State v. Zarafonetis,* 81 N.M. 674, 472 P.2d 388 (Ct. App.1970). Knowledge, like intent, may be inferred from all of the surrounding circumstances. *State v. Elam, supra; see also State v. Borunda,* 83 N.M. 563, 494 P.2d 976 (Ct.App.1972).

On appeal, in reviewing whether the evidence supports each essential element of a

criminal charge, an appellate court must view the evidence in a light most favorable to the State, resolving all conflicts therein and indulging in all permissible inferences therefrom in favor of the verdict of conviction. *State v. Tovar,* 98 N.M. 655, 651 P.2d 1299 (1982). Defendant was experienced in salvage operations. It is reasonable to infer that, as a permit holder with prior salvage experience on the campus, he knew that the location where the generators were placed was not subject to salvage operations, since he had been working previously at the site of the partially burned building where salvage operations had been authorized. Moreover, the generators when taken by defendant were in good condition and needed little repair.

The jury was not required to accept the evidence that defendant was an innocent taker. *See State v. Sanchez, supra; State v. Elam, supra.* The evidence at trial showed that defendant was in possession of other stolen items in addition to the generators, including firearms, a stereo and a television set. Evidence that defendant was in possession of numerous items of recently stolen personal property, wrongfully taken from different owners at different times, gave rise to a reasonable inference that defendant knew the property was stolen and was sufficient to present a jury question. *See State v. Olloway,* 95 N.M. 167, 619 P.2d 843 (Ct.App.1980); *State v. Elam, supra; State v. Lindsey,* 81 N.M. 173, 464 P.2d 903 (Ct.App.1969). Although mere possession of recently stolen property is not alone sufficient to sustain a conviction for receiving stolen property, possession not satisfactorily explained is a circumstance which may properly be taken into consideration with all other facts and circumstances in determining the guilt or innocence of the accused. *State v. Olloway, supra.*

II. For his second point, defendant contends that even if the evidence presented at trial is deemed to be sufficient to establish that the two generators were stolen from the campus by defendant, he may not be charged with retaining the same property that he had stolen, since

larceny is a continuing offense. Defendant was sentenced to serve consecutive terms for the three convictions.

Although defendant is correct in his contention that one cannot be convicted of both larceny and retaining the same items of stolen property, *State v. Tapia,* 89 N.M. 221, 549 P.2d 636 (Ct.App.1976); *State v. Gleason,* 80 N.M. 382, 456 P.2d 215 (Ct.App. 1969), under the facts herein defendant was not charged with both larceny and retaining stolen property, only the latter. Because defendant was only charged and convicted of retaining stolen property, we are not concerned with considerations of double jeopardy involving issues of merger or lesser included offense of larceny, *see State v. Tanton,* 88 N.M. 333, 540 P.2d 813 (1975), nor do these facts offend policies set forth in *Gleason* and *Tapia. See* Committee Commentary to NMSA 1978, UJI Crim. 16.-40 (Repl.Pamp.1982). There is no issue of whether defendant committed offenses other than retaining stolen property, since he was neither prosecuted nor sentenced for commission of other crimes. *Compare Territory v. Graves,* 17 N.M. 241, 125 P. 604 (1912); *State v. Mitchell,* 86 N.M. 343, 524 P.2d 206 (Ct.App.1974).

III. For his third point, defendant contends that his simultaneous possession of stolen property, as charged in Counts II and III of the amended information, consisting of both firearms, a stereo and a television set, constitutes only one offense, not two.

Defendant was originally charged with six counts of receiving stolen property (retaining). Before any order was entered on defendant's motion to consolidate the counts (on the ground that all items were possessed simultaneously), an amended criminal information was filed by the State charging defendant with: Count I, retaining stolen property (two generators); Count II, retaining stolen property (three firearms); and Count III, retaining stolen property (television set and stereo player).

The gist of defendant's argument is that because he was in possession of the stolen property as alleged in Counts II and III at the same time, these counts must be

deemed to have merged and a single conviction and sentence should have been entered. The State contends that because firearms are enumerated as a separate category within the receiving stolen property statute, § 30–16–11, the offense of receiving stolen firearms is a separate criminal act, requiring a separate conviction and punishment. The State argues that the legislative intent, as shown by the 1969 amendment to § 30–16–11 (1969 Laws, ch. 171, § 2), was to treat firearms under a separate category with a separate punishment.

The guns and stereo were recovered from defendant's possession on April 23, 1982. The firearms and television were shown to have been stolen from one owner at the same time in October, 1981. The stereo was taken in January, 1982, from someone else. There was evidence that defendant had subsequently loaned the television set to a friend but that he had retained constructive possession. *See State v. Bauske,* 86 N.M. 484, 525 P.2d 411 (Ct.App.1974).

■ The simultaneous possession of stolen items owned by different individuals is a single act constituting one offense of retaining. *Sanchez v. State,* 97 N.M. 445, 640 P.2d 1325 (1982); *compare State v. Bell,* 90 N.M. 160, 560 P.2d 951 (Ct.App.1977). A different rule, however, pertains where a defendant is charged with "disposing" of or "receiving" stolen property. In such cases, a defendant may be charged with a separate count for each act of disposition or receipt. *Sanchez, supra.*

■ Under the 1969 Amendment to § 40A–16–11, 1953 Comp., now § 30–16–11, a subsection was added to the statute defining the offense of receiving stolen property. This provision stated: "Whoever commits receiving stolen property when the property is a firearm is guilty of a fourth degree felony when its value is less than twenty-five hundred dollars ($2,500)." The clear import of this amendment was not to create a separate crime where several items of property, including a firearm or firearms, were stolen or received together with other stolen property, but was to increase the penalty for the offense where a firearm

was the subject of the theft or receiving of stolen property regardless of the value of the firearm.

The subject to be affected by a legislative amendment may be determined from an examination of the title of the enactment. NM Const. art. IV, § 15. The intent of the enactment as expressed in the 1969 amendment declared that the legislation was "AN ACT RELATING TO CRIMES; INCREASING THE PENALTIES FOR THEFT OF A FIREARM AND FOR RECEIVING A STOLEN FIREARM * * * *" A plain reading of the statute evinces a legislative intention that the purpose of setting out a separate classification of firearms in the statute was to increase the criminal penalty for theft or receiving of stolen property consisting of a firearm, irrespective of the value of the firearm.

■ The addition of the subsection increasing the penalty for receiving a stolen firearm did not create an exception to the rule articulated in *State v. Sanchez, supra.* Under the facts herein, evidence shows a simultaneous possession, that the convictions were for retaining and the evidence shows only one "retaining."

Defendant's convictions are affirmed. The judgment and sentence of the district court as to Count I is affirmed. Since the acts charged in Counts II and III of the amended criminal information constituted a single offense, the cause is remanded to the district court with directions to vacate the sentences imposed under Counts II and III and to resentence defendant thereon as a single offense.

IT IS SO ORDERED.

WOOD and HENDLEY, JJ., concur.