**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                    **No. 28,810**

**KIFLOM ZEMARIAM,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Louis E. DePauli, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Chief Judge.**

Defendant appeals his conviction for distribution of marijuana (over one hundred pounds). [RP 126] He contends that a mistrial should have been granted after comments on his silence, that the evidence was insufficient, and that evidentiary error requires reversal. Our first notice proposed to reverse on Defendant's claim that

there were inappropriate comments on his silence because it appeared that the comments were that Defendant refused to provide or was unwilling to provide an interview. [DS 4] The State responded with a memorandum in opposition, and we then issued a second notice proposing to affirm. Defendant has responded with a memorandum in opposition. We have considered Defendant's arguments, and we are unpersuaded. We affirm.

**DISCUSSION**

**A.    Comments on Silence**

Defendant contends that Agent Acevedo's and Officer Zunie's comments on his unwillingness to provide an interview constituted impermissible comments on silence. [DS 4-5, Defendant's MIO 5-6] The issue, as raised by Defendant, is whether the court should have granted a mistrial. We review a court's decision on a motion for mistrial for an abuse of discretion. Where the facts are undisputed, we review de novo a constitutional claim that an impermissible comment on silence was made. *State v. Gutierrez*, 2007-NMSC-033, ¶ 22, 142 N.M. 1, 162 P.3d 156.

The general rule is that the prosecutor may not comment on a defendant's silence or introduce evidence of silence. *See id.* ¶ 11. The rationale for this rule is that reference to a defendant's silence lacks significant probative value and has an

intolerable prejudicial effect. *See State v. Lara,* 88 N.M. 233, 235, 539 P.2d 623, 625 (Ct. App. 1975). "We evaluate the statements in context to determine the manifest intention that prompted the remarks[,]" as well as the impact on the jury. *State v. DeGraff*, 2006-NMSC-011, ¶ 8, 139 N.M. 211, 131 P.3d 61 (internal quotation marks and citation omitted). Indirect comments, including those that are ambiguous and those that are inadvertently elicited by the prosecutor, are less likely to call the jury's attention to the defendant's exercise of his rights. *Id.* We have also distinguished between inadvertent remarks and those that are intentionally solicited by the prosecutor. *See State v. Wildgrube*, 2003-NMCA-108, ¶ 23, 134 N.M. 262, 75 P.3d 862.

We first consider Officer Zunie's comment. According to the State [State's MIO 5], Officer Zunie testified that Agent Acevedo arrived on the scene after the arrest. The prosecutor asked, "What did he do?" Officer Zunie answered, "[h]e tried to interview the Defendant." At that point, defense counsel objected and a bench conference was held. After the bench conference there was no further mention of the interview. The topic turned to whether Agent Acevedo examined the packages containing marijuana. [State's MIO 5]

3

Viewing the comment in context, we hold that it does not require reversal. There is a reference to an attempt to interview Defendant, but no mention that Defendant either refused or acceded. Consequently, the jury did not hear that Defendant refused to be interviewed. The comment is innocuous. It does not make the prohibited suggestion that Defendant exercised his right to remain silent, that he refused to answer, and that therefore Defendant is guilty. *See DeGraff*, 2006-NMSC-011, ¶ 8 (requiring us to view the comments in context to determine their impact on the jury).

We next consider Agent Acevedo's comment. According to the State [State's MIO 6], during cross-examination by Defendant, Defendant asked the agent if he had interviewed the owner of the truck. The agent responded, "No, we just attempted to interview the driver." A bench conference immediately followed and Defendant asked for a mistrial. [State's MIO 6] The judge noted that the reference was only to an attempt and gave no additional information. Defense counsel requested a curative instruction, which was given. The court informed the jury that a person was not required to give an interview, that the jury should not speculate about whether an interview was or was not given and that the jury should not hold anything against Defendant. [State's MIO 6]

We hold that Agent Acevedo's comment does not require reversal either. Like Officer Zunie's comment, it refers only to an attempt to interview Defendant, nothing more. It is innocuous, does not inform the jury that Defendant refused to be interviewed, and does not make the prohibited suggestion that Defendant exercised his right to remain silent. Additionally, this comment is different from Officer Zunie's because the prosecutor did not elicit the comment; defense counsel did. *See Wildgrube*, 2003-NMCA-108, ¶ 23 (noting that we distinguish between inadvertent remarks and those that are intentionally elicited by the prosecutor). Consequently, we hold that Defendant has not demonstrated reversible error. *See DeGraff*, 2006-NMSC-011, ¶ 8.

Finally, a curative instruction was given at Defendant's request. This additional fact further undermines Defendant's claim that his trial was unfair. We recognize that in some circumstances a curative instruction is not sufficient to cure prejudice. *See Gutierrez*, 2007-NMSC-033, ¶ 23. As discussed in *Gutierrez*, a curative instruction is often insufficient because it cannot unring the bell. *Id.* However, as in the present case, where the comments innocuously refer to an attempt to interview, provide no information about whether Defendant refused to be interviewed, and one of the comments was elicited during defense counsel's examination, the bell was never rung.

We believe that the curative instruction adequately ensured that no prejudice resulted to Defendant. *Cf. State v. La Madrid*, 1997-NMCA-057, ¶ 12, 123 N.M. 463, 943 P.2d 110 (holding that a proper instruction from the court can cure any potential harm that might have arisen from a prosecutor's single comment on the defendant's failure to testify).

**B.      Sufficiency of Evidence**

Defendant contends that the evidence was insufficient to support his conviction. [Defendant's MIO 8-12] We review the evidence to determine whether any rational jury could find each element of the offense to be established beyond a reasonable doubt. *See State v. Garcia*, 114 N.M. 269, 274, 837 P.2d 862, 867 (1992).

The elements of possession of marijuana with intent to distribute are that Defendant had marijuana in his possession, that he knew it was marijuana, and that he intended to transfer it to another. *See* UJI 14-3111 NMRA. "A person is in possession of [a substance] when he knows it is on his person or in his presence, and he exercises control over it." UJI 14-3130 NMRA; *State v. Garcia*, 2005-NMSC-017, ¶ 13, 138 N.M. 1, 116 P.3d 72 (stating that for constructive possession, the prosecution must prove both that the defendant knew the illegal item was present in the vehicle and exercised control over it).

6

Defendant argues that there was insufficient evidence to establish that he had knowledge and therefore possession of the marijuana. [MIO 12] We disagree. Proof of possession may be established by the conduct of a defendant and by circumstantial evidence. *State v. Donaldson*, 100 N.M. 111, 119, 666 P.2d 1258, 1266 (Ct. App. 1983). Knowledge is seldom proved by direct evidence. *See State v. Smith*, 100 N.M. 352, 354, 670 P.2d 963, 965 (Ct. App. 1983), *abrogation on other grounds recognized by State v. Watkins*, 2008-NMCA-060, ¶ 1, 144 N.M. 66, 183 P.3d 951. Knowledge may be proved by circumstantial evidence and inferred from all of the surrounding circumstances. *Smith*, 100 N.M. at 354, 670 P.2d at 965.

There was evidence that Defendant was driving a truck pulling a trailer that contained one hundred twenty-five pounds of marijuana. [RP 91] Defendant was alone in the truck. [MIO 2-3] There was evidence that the load matched the bill of lading when Defendant picked up his load. [RP 81-83] There was evidence that the man that prepared the bill of lading was having difficulty getting Defendant to sign it. [RP 82] At the McKinley County Port of Entry, an officer noticed that the seal placed on the load had been broken. [RP 85] The evidence indicates that Defendant claimed that there was no seal on the load. [RP 85; DS 3] However, the evidence also indicates that Defendant also claimed that he did not know the seal had been broken.

[RP 85] If that evidence was before the jury, the jury could consider Defendant's arguably inconsistent statements in determining his knowledge and guilt. Three boxes containing marijuana were found in the load that did not match the boxes in the rest of the load and were not listed in the bill of lading. [RP 86] We hold that the circumstantial evidence was sufficient to support a finding that Defendant had knowledge. *See State v. Hernandez*, 1998-NMCA-082, ¶¶ 9-16, 125 N.M. 661, 964 P.2d 825 (holding that the evidence was sufficient to support a finding that the defendant had knowledge that marijuana was hidden in the truck where the defendant was alone in the truck, there was evidence that the truck had been altered, and the defendant had lied).

**C.    Evidentiary Error**

Defendant contends that the court erred in allowing Agent Acevedo's opinion testimony regarding the methods truck drivers use to move drugs. [DS 5, Defendant's MIO 6-8] Defendant's specific contention is that the agent should not have been qualified as an expert. [MIO 8] We review this issue for an abuse of discretion. *See State v. McDonald*, 1998-NMSC-034, ¶ 19, 126 N.M. 44, 966 P.2d 752 (stating that a ruling on an expert's qualifications is reviewed for an abuse of discretion).

We conclude that Defendant has not demonstrated any abuse of discretion. According to the State, the agent was a member of the State Police Narcotics Section. [State's MIO 5] He testified that drug-running typically occurs from west to east and that drugs are usually packaged with cellophane and either grease or soap. [State's MIO 5] We are not persuaded that the court abused its discretion in allowing a member of the State Police Narcotics Section to testify to these very general facts. *See State v. Gerald B.*, 2006-NMCA-022, ¶ 23, 139 N.M. 113, 129 P.3d 149 (noting that an officer with many years of experience in narcotics and drug investigations was qualified to give his opinion that the substance was marijuana); *Doe v. State*, 88 N.M. 347, 351, 540 P.2d 827, 831 (Ct. App. 1975) (holding that a state police narcotics agent was sufficiently qualified by training and experience to identify the substance as marijuana). We conclude that no abuse of discretion has been shown.

Defendant contends that the admission of the bill of lading violated his right to confront witnesses, contrary to *Crawford v. Washington*, 541 U.S. 36 (2004). [Defendant's MIO 12-14] We disagree. Our notice expressed doubt whether this issue was raised below, but Defendant has explained that, according to trial counsel, it was preserved with an objection based on violation of the right to confrontation. [Defendant's MIO 13]

We accept that the issue was preserved, but we are not persuaded that error occurred. The bill of lading is not testimonial evidence. *See State v. Lopez*, 2007-NMSC-037, ¶ 19, 142 N.M. 138, 164 P.3d 19 (describing testimonial evidence as including statements of witnesses made at a preliminary hearing, at grand jury, or during police interrogations); *State v. Dedman*, 2004-NMSC-037, ¶ 30, 136 N.M. 561, 102 P.3d 628 (holding that a blood-alcohol report is not testimonial evidence). Therefore, *Crawford* does not apply. The bill of lading appears to be a regularly kept business record and would be admissible under Rule 11-803(F) NMRA. *See id.* ¶¶ 32-37 (noting that non-testimonial evidence is still reviewed under the standards, existing before *Crawford*, to determine whether the evidence is reliable and that reliability is established when the evidence meets a firmly rooted exception to the hearsay rule).

For the foregoing reasons, we affirm.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Chief Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**


_____

**MICHAEL E. VIGIL, Judge**

11