This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                  **NO. 29,780**

**MICHAEL ELAWAR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G.W. Shoobridge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Francine A. Chavez, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Adrianne R. Turner, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals from his conviction of two counts of receiving stolen property—a second-degree felony for retaining 600 gallons of diesel fuel and a fourth-degree felony for retaining a homemade diesel tank trailer. [RP 49-50, 79] In Defendant's docketing statement, he argued that there was insufficient evidence to support his convictions. This Court issued a first notice of proposed summary disposition, proposing to affirm. Defendant responded with a memorandum in opposition in which he sought to amend the docketing statement to raise a double jeopardy claim for the first time on appeal. The Court granted Defendant's motion and proposed to reverse his conviction for the fourth-degree felony and to affirm his conviction for the second-degree felony. The State has filed a memorandum indicating that it does not disagree with the proposed summary reversal of Defendant's fourth-degree felony conviction. Defendant has filed a memorandum in which he agrees with our proposed reversal of his fourth-degree felony conviction, but continues to maintain that there is insufficient evidence to support his conviction for the second-degree felony. As Defendant's memorandum raises no new facts or arguments that would warrant reversal of his conviction for the second-degree felony, we now affirm that conviction and reverse his conviction for the fourth-degree felony.

**Sufficiency of the Evidence**

Pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v.*

*Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985) [Def.'s 1st MIO 9; Def.'s 2nd MIO 2], Defendant contends that there was insufficient evidence to support the jury's conclusion that he knew or believed that the trailer and diesel fuel he was transporting were stolen [DS 3-5], that there was insufficient evidence to establish the market value of the fuel [DS 1, 5-6], and that there was insufficient evidence to establish the market value of the fuel trailer [DS 1, 6-7]. In this Court's first notice of proposed summary disposition, we proposed to hold that, viewing the evidence in the light most favorable to the verdict, there was sufficient evidence to support Defendant's convictions. As neither Defendant's first nor his second memorandum in opposition provides any new factual information or legal analysis that would persuade this Court otherwise, we hold that the evidence was sufficient for the reasons stated in our first notice.

**Double Jeopardy**

In this Court's second notice of proposed summary disposition, we proposed to hold that pursuant to *Sanchez v. State*, 97 N.M. 445, 446, 640 P.2d 1325, 1326 (1982), Defendant's two convictions for receiving stolen property violated double jeopardy. In *Sanchez*, our Supreme Court stated that if a defendant is charged with receiving stolen property, "each [act of] 'receiving' of the stolen property is a separate crime and the defendant may be charged with a separate offense for each." We stated that in this case, it appears that there was evidence that would establish only one act

3

of receiving, which included both the fuel and the fuel trailer, and that there was no evidence of any indicia of distinctness to separate the act of receiving the fuel and receiving the fuel trailer. Accordingly, we proposed to hold that Defendant's two separate convictions violated double jeopardy and to reverse his conviction for the fourth-degree felony. *See State v. Garcia*, 2009-NMCA-107, ¶ 17, 147 N.M. 150, 217 P.3d 1048 (reversing the conviction with the lesser penalty upon a finding of a double jeopardy violation)*, cert. denied* No. 31,853 (Aug 18, 2009).

Both Defendant and the State have filed memoranda in which they indicate their support for our proposed summary reversal of Defendant's conviction for the fourth-degree felony of receiving stolen property. The State, however, asserts that although the judgment lists Defendant's convictions as "receiving" stolen property [RP 79], the criminal information, the evidence presented at trial, and the jury instructions indicated that the factual predicate for these charges was "retaining" stolen property. We agree with the State, and we also agree that as the analysis for "retaining" stolen property is the same as that for "receiving" stolen property, because the simultaneous possession of stolen items is a single act constituting a single offense, *see Sanchez*, 97 N.M. at 446, 640 P.2d at 1326, Defendant's two convictions violated double jeopardy. Accordingly, we reverse Defendant's conviction for the fourth-degree felony of receiving stolen property.

Therefore, for the reasons provided in this opinion and in our first and second notices of proposed summary disposition, we affirm Defendant's second-degree felony conviction and reverse his fourth-degree felony conviction.

**IT IS SO ORDERED.**

                               _____

                               **JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**TIMOTHY L. GARCIA, Judge**