530 P.2d 947

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Patrick Tate COLEMAN, Defendant-Appellee.**

**No. 1475.**

Court of Appeals of New Mexico.

Dec. 18, 1974.

E. C. Serna, Asa Kelly, Jr., Sp. Asst. Attys. Gen., Silver City, for plaintiff-appellant.

Frederick H. Sherman, Sherman and Sherman, Deming, for defendant-appellee.

## OPINION

SUTIN, Judge.

This is an appeal by the state from an order of the trial court which suppressed the evidence pertaining to a quantity of marijuana found in defendant's vehicle. The appeal is taken pursuant to § 21–10–2.-1(B)(2), N.M.S.A. 1953 (Repl. Vol. 4, 1973 Supp.).

The state did not challenge the trial court's findings of fact. It contends that the warrantless search of the defendant's vehicle and subsequent seizure of marijuana was not in violation of defendant's constitutional rights. It recognizes that the search was not incident to a lawful arrest, nor pursuant to a valid search warrant, nor with defendant's consent, nor as an inventory search.

The state relies on Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). It specifically contends that the police officers had probable cause to believe that defendant's vehicle contained contraband and that the facts surrounding the incident constituted exigent circumstances in order to justify an immediate search. In the alternative, it contends that the search and seizure was justified upon probable cause because the marijuana was in plain view.

■ First, the plain view doctrine does not apply to the facts of this case because both officers testified that the marijuana which forms the subject of defendant's motion to suppress was enclosed in a burlap-like sack. It does not appear from the record that the marijuana debris was seizure. Neither officer could testify that he was able to see inside the bag.

■ Probable cause combined with "exigent circumstances" provide the required foundation for the warrantless search. In Re One 1967 Peterbilt Tractor, Etc., 84 N. M. 652, 506 P.2d 1199 (1973). The enforcement officers had probable cause to believe that the defendant's vehicle did, in fact, contain marijuana. Were "exigent circumstances" present to allow a warrantless search? No!

The trial court found that a Lordsburg city police officer stopped the defendant's vehicle for speeding on a Sunday. Two other occupants of the vehicle were present. The police officer observed one male passenger in the back seat and one on the passenger side of the front seat of the vehicle. The driver was unable to produce his driver's license. The passenger riding in front, defendant herein, volunteered that he was the owner of the vehicle and pro-

duced a used car warranty made out to his mother and signed by both of them. After some questioning, the defendant was requested to follow the officer in the defendant's vehicle to the Hidalgo County Sheriff's office. Defendant did follow. All three occupants entered the Sheriff's of-' fice and were placed under arrest. Defendant refused to give the Sheriff consent to search the vehicle and was told by the Sheriff that a search warrant would be obtained. The Sheriff began to write an affidavit for a search warrant. Being Sunday, the Sheriff indicated to defendant that it might be several hours before a search warrant could be obtained. It was not obtained because the Sheriff searched the vehicle after obtaining defendant's consent to search under the threat that the search would be made anyhow. The trial court found that the defendant's consent to search was given in acquiescence to a claim of lawful authority.

It is clear that "exigent circumstances" did not exist. "Exigent circumstances" exist ". . . where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought. . . . [I]f an effective search is to be made at any time, either the search must be made immediately without a warrant or the car itself must be seized and held without a warrant' for whatever period is necessary to obtain a warrant for the search. . . . Only in exigent circumstances will the judgment of the police as to probable cause serve as a sufficient authorization for a search." Chambers v. Maroney, 399 U.S. 42, 48, 51, 90 S.Ct. 1975, 1979, 1981, 26 L.Ed.2d 419 (1970). In the instant case, the car was parked outside the Sheriff's.office. The defendant and two occupants were in the Sheriff's office under arrest. Exigent circumstances did not exist.

Affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.