This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **NO. 29,704**

**JUAN FLOREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray , District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy Hewitt, Assistant Appellate Defender
Santa Fe, NM

Trace L. Rabern
Santa Fe, NM

Scott M. Davidson
David Ferrance, Practicing Law Student
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals the denial of a motion to suppress. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Defendant's assertions of error, we affirm.

As an initial matter, we acknowledge and hereby grant the pending "Motion [to] Allow[] Practicing Law Student Appearance."

Turning to the merits, Defendant contends that the fruits of a warrantless search of his residence and vehicle should have been suppressed. [MIO 1, 4-11] The district court denied Defendant's motion to suppress below, apparently on grounds that Defendant had consented. The docketing statement presented Defendant's position in a very general way. In his memorandum in opposition, Defendant has elaborated, essentially presenting three arguments. We address each in turn.

First, Defendant asserts that he did not validly consent to the searches; rather, he merely acquiesced in response to the officers' overreaching. [MIO 1, 5-6] As we have previously observed, "consent is not voluntary if it is a mere acquiescence to a

claim of lawful authority." *State v. Shaulis-Powell*, 1999-NMCA-090, ¶ 10, 127 N.M. 667, 986 P.2d 463; *see also State v. Coleman*, 87 N.M. 153, 155, 530 P.2d 947, 949 (Ct. App. 1974) (upholding the suppression of evidence obtained after a defendant acquiesced to a claim of lawful authority). However, neither the record nor Defendant's submissions to this Court indicate that the officers claimed lawful authority to search Defendant's residence or vehicle. To the contrary, the officers explicitly sought Defendant's "voluntary consent." [MIO 3] As a result, we perceive no basis for Defendant's acquiescence argument. *See State v. Muñoz*, 2008-NMCA-090, ¶ 20, 144 N.M. 350, 187 P.3d 696 (rejecting the defendant's claim that he believed that he had no choice but to acquiesce to a search, when the evidence indicated that the defendant acted voluntarily in response to the officer's requests rather than any claim of authority to proceed without consent), *cert. granted*, 2008-NMCERT-006, 144 N.M. 381, 188 P.3d 105.

Second, Defendant contends that he did not voluntarily consent to the searches. [MIO 6-8] The standard by which consent is to be assessed is well settled:

> The [s]tate bears the burden of proving voluntariness, which depends on the totality of the circumstances. Factors considered are the individual characteristics of the defendant, the circumstances of the detention, and the manner in which the police requested consent. The voluntariness of consent involves a three-tiered analysis: (1) there must be clear and positive testimony that the consent was specific and unequivocal; (2) the consent must be given without duress or coercion; and (3) the first two factors are to be viewed in light of the presumption

3

that disfavors the waiver of constitutional rights. In determining whether the consent to search was coerced or made under duress, our case law has looked to analogous case law on coerced confessions. Ultimately, the essential inquiry is whether [the d]efendant's will had been overborne.

*State v. Pierce*, 2003-NMCA-117, ¶ 20, 134 N.M. 388, 77 P.3d 292 (internal quotation marks and citations omitted).

As we observed in the notice of proposed summary disposition, the events described in the record proper indicate that Defendant invited the agents into his residence specifically and unequivocally, without any duress or coercion. [RP 6] He also freely produced the marijuana and paraphernalia and volunteered additional information about his activities to them. [RP 6-7] We find no indication that Defendant's will was overborne. Accordingly, the district court's determination that Defendant gave valid consent to search his home appears to be adequately supported.

In his memorandum in opposition, Defendant argues that he did not specifically or unequivocally consent to the searches because initially he only offered to cooperate if he would be charged with "practicing medicine without a license," and because he "never affirmatively voiced his consent" to the searches. [MIO 8] However, the district court could reasonably have concluded that the comment about "practicing medicine" was not a sincere expression of conditional consent, *see State v. Johnson*, 2006-NMSC-049, ¶ 18, 140 N.M. 653, 146 P.3d 298 (observing that on review, "we

4

indulge in all reasonable inferences to support the trial court's decision to deny the motion to suppress"), and specific language is not required to establish specific and unequivocal consent. Conduct alone may suffice. *See Muñoz*, 2008-NMCA-090, ¶¶ 5, 20 (holding that the defendant's consent to a search was specific and unequivocal when he complied with the officer's requests). We are therefore unpersuaded that the evidence failed to establish specific and unequivocal consent.

Defendant further argues that his consent to the searches was coerced. [MIO 1, 6-8] "Coercion involves police overreaching that overcomes the will of the defendant." *State v. Chapman*, 1999-NMCA-106, ¶ 21, 127 N.M. 721, 986 P.2d 1122. Based on the information supplied by the record proper and Defendant's submissions to this Court, we find no indication that Defendant's will was overcome. In the course of their interaction with Defendant, the officers never used force, displayed their weapons, or threatened Defendant with violence, arrest, or unwarranted prosecution. Moreover, the officers did not subject Defendant to lengthy or abusive questioning or promised leniency in exchange for consent. We are therefore unpersuaded that Defendant's consent was coerced. *See id.* ¶¶ 21-22 (arriving at the same conclusion under similar circumstances).

We understand Defendant to contend that the officers' interaction with him before he consented to the search should be regarded as coercive, insofar as the

officers gave the impression that "failure to cooperate would be unwise" because the prosecutor might "go harder" on him "if he did not cooperate." [MIO 6]   However, generalizations of this nature are not regarded as coercive. *See State v. Evans*, 2009-NMSC-027, ¶ 43, 146 N.M. 319, 210 P.3d 216 (observing that "threats that merely highlight potential real consequences, or are 'adjurations to tell the truth,' are not characterized as impermissibly coercive"); *State v. Sanders*, 2000-NMSC-032, ¶ 10, 129 N.M. 728, 13 P.3d 460 (observing that "merely promising to bring a defendant's cooperation to the attention of the prosecutor is not objectionable").  Nor do we agree with Defendant's suggestion that the officers' allegedly false statements about their knowledge of his possession of marijuana [MIO 8] were impermissibly coercive. *See Evans*, 2009-NMSC-027, ¶ 46 ("Our case law makes clear that deception is not coercive per se.").

Third and finally, Defendant asserts that his consent was tainted by a prior illegality, to the extent that the officers entered his back yard to speak with him without first having obtained permission from an individual with actual authority. [MIO 9-11]  The chief difficulty with Defendant's argument is that it was not preserved below.  [MIO 9]  "Our recent cases have refused to consider contentions raised for the first time on appeal when the failure to raise those contentions in the trial court has deprived the prevailing party of an opportunity to develop facts that

6

might bear on the contentions." *State v. De Jesus-Santibanez*, 119 N.M. 578, 580, 893 P.2d 474, 476 (Ct. App. 1995), *modified on other grounds by State v. Gomez*, 1997-NMSC-006, ¶ 32, 122 N.M. 777, 932 P.2d 1. Insofar as the State was deprived of the opportunity to develop facts that might bear on the authority of the individual from whom the officers obtained permission to enter the back yard, we conclude that Defendant's argument is not properly presented on appeal. *See State v. Lopez*, 2008-NMCA-002, ¶¶ 7-10, 143 N.M. 274, 175 P.3d 942 (filed 2007) (holding that a challenge to the validity of a search was not before the reviewing court on appeal when the defendant had failed to specifically apprise the district court of the claimed error below, thereby depriving both the opposing party of a fair opportunity to show why the court should rule in its favor and the district court of the opportunity to correct any mistake).

For the foregoing reasons, we affirm.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**

7

_____

**LINDA M. VANZI, Judge**