This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39677

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ERIC K. KING,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, from the Eleventh Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2019-002, effective October 1, 2019. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** In this case, a police officer conducted a traffic stop to arrest Defendant on an outstanding warrant; impounded his vehicle to a secured lot; obtained a K-9 unit to conduct a sniff of the vehicle in the impound lot, which indicated the presence of illegal drugs; and then sought and obtained a search warrant for the vehicle. [BIC 2-4] Defendant moved to suppress and now appeals from a judgment and sentence entered pursuant to a plea, conditional to his appeal of the denial of his suppression motion. [BIC 1; RP 131; 155] On appeal, Defendant challenges the seizure of his vehicle and, as its fruit, its subsequent search. [BIC 5-10]

**{3}** Defendant argues that the district court improperly relied on *State v. Williams*, 1982-NMSC-041, 97 N.M. 634, 642 P.2d 1093, to conclude that the vehicle was properly impounded after his arrest. [RP 85] *See id.* ¶ 4 ("An inventory search [or impoundment] of an automobile is constitutional if three requirements are met: 1) the vehicle to be inventoried is in police control or custody; 2) the inventory is made pursuant to established police regulations; and 3) the search is reasonable."). Defendant does not challenge the district court's determination that the impoundment met the requirements outlined in *Williams*, but instead argues that *Williams* is now outdated law. [BIC 5-6] In reliance on *State v. Gomez*, 1997-NMSC-006, 122 N.M. 777, 932 P.2d 1, Defendant contends that exigent circumstances are now required for an officer to impound a vehicle without a warrant. [BIC 5-10]

**{4}** We disagree. It is established in New Mexico that, under the circumstances of this case, Defendant's arrest was a valid basis under the Fourth Amendment for the police to take custody of his vehicle. *See State v. Davis*, 2018-NMSC-001, ¶¶ 11-12, 408 P.3d 576 (noting, "[i]nventory searches are now a well-defined exception to the warrant requirement of the Fourth Amendment" and are valid when the search is (1) of a vehicle in police control or custody; (2) conducted pursuant to established police regulations or procedures; and (3) reasonable); *State v. Nysus*, 2001-NMCA-102, ¶¶ 26-27, 131 N.M. 338, 35 P.3d 993 (noting the same and stating that the defendant's arrest was a valid basis for an inventory search of his vehicle when he was the driver). As the publication dates for the above-cited opinions indicate, this conclusion is not affected by the holding in *Gomez* and the requirements for a valid impoundment or inventory search outlined in *Williams* remain in effect.

**{5}** Nevertheless, Defendant relies on *Gomez* to assert a broader protection, applicable to his case, under the Article II, Section 10 of the New Mexico Constitution. [BIC 6] This reliance is misplaced.

**{6}** In *Gomez*, law enforcement conducted an immediate warrantless search of a defendant's vehicle, following the defendant's arrest on the scene and without an arrest warrant. 1997-NMSC-006, ¶ 6. In reviewing and ultimately upholding the constitutionality of the search, our Supreme Court announced that Article II, Section 10 of the New Mexico Constitution required "that a warrantless *search* of an automobile and its contents requires a particularized showing of exigent circumstances," Gomez, 1997-NMSC-006, ¶ 39 (emphasis added). However, our Supreme Court did not broadly expand this exigency requirement to automobile seizures pursuant to the inventory

exception to the warrant requirement. *See id.* ¶ 43. Rather, our Supreme Court stated that the approach preferable to a warrantless automobile search based on exigency would be for law enforcement to refrain from searching the vehicle and containers within it until after it was impounded, at which point law enforcement could have obtained a warrant. *Id.*; *cf. State v. Coleman*, 1974-NMCA-147, ¶ 7, 87 N.M. 153, 530 P.2d 947 ("If an effective search is to be made at any time, either the search must be made immediately without a warrant or the car itself must be seized and held without a warrant for whatever period is necessary to obtain a warrant for the search." (alteration, internal quotation marks, and citation omitted)).

**{7}** This preferable approach occurred in the present case. [BIC 2-4] Accordingly, we are not persuaded by Defendant's claim that the principle announced in *Gomez* rendered the impoundment of his vehicle and its subsequent search unconstitutional. *See Gomez*, 1997-NMSC-006, ¶ 43; *Nysus*, 2001-NMCA-102, ¶ 27. We therefore affirm the denial of Defendant's motion to suppress.

**{8}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**