[No. 2172, April 3, 1918.]
STATE v. FLOYD.

### SYLLABUS BY THE COURT.

In order to constitute the crime of buying or receiving stolen goods, under section 1538, Code 1915, it is essential that the accused should have knowledge that the same had been stolen.

Appeal from District Court, Grant County; Ryan Judge.

J. A. Floyd was convicted of receiving stolen goods, and he appeals. Reversed and remanded, with instructions.

GEO. S. KELLEY, of Hillsboro, for appellant.

C. A. HATCH, Assistant Attorney General, for the State.

### OPINION OF THE COURT.

HANNA, C. J. Appellant was convicted under the second count of an indictment which charged him with unlawfully and feloniously receiving and having, from some person to the grand jurors unknown, 1,050 pounds of brass, the person from whom the brass was obtained "not having the legal right to dispose of the same." The indictment was drawn under section 1538, Code 1915, which provides as follows:

"Every person who shall buy, receive or aid in the concealment of stolen money, goods or property, knowing the same to have been stolen, shall be punished as provided in section 1529."

Appellant demurred to this count of the indictment on the ground that it did not state facts sufficient to constitute an offense, in that it failed to charge that the defendant knew the articles therein charged to be had and received by him had been theretofore stolen, taken, or carried away; and, further, that said count failed to charge that defendant received such articles, knowing the same to have been stolen. The demurrer was overruled.

The Attorney General concedes that the count in the indictment is defective and that the case should be reversed.

The count in the indictment was fatally defective, and the court should have sustained the demurrer. In order to constitute the crime of buying or receiving stolen goods, under section 1538, Code 1915, it is essential that the accused should have knowledge that the same

had been stolen. Territory v. Graves, 17 N. M. 241, 125 Pac. 604; 34 Cyc. 520; People v. Hartwell, 166 N. Y. 361, 59 N. E. 929.

For the reasons stated, the cause will be reversed and remanded to the district court, with instructions to sustain the demurrer to the second count of the indictment. It is so ordered.

PARKER and ROBERTS, J.J., concur.