354 P.2d 521

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Kenneth Douglas FOLLIS, Defendant-Appellant.**

**No. 6719.**

Supreme Court of New Mexico.

July 22, 1960.

Dewie B. Leach, Hobbs, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., F. Harlan Flint, Philip R. Ashby, Asst. Attys. Gen., for appellee.

McGHEE, Chief Justice.

The appellant was convicted of receiving stolen goods knowing it had been stolen.

He relies upon several points to secure a reversal but only one is necessary to a decision in this case, namely, that there is not sufficient evidence to sustain the conviction.

By proper motion at the conclusion of the testimony the appellant moved for a directed verdict on the ground there was not sufficient evidence to warrant submitting the case to the jury. This motion should have been granted.

The only evidence produced by the state was that a number of electric motors had been stolen and the defendant had sold them to his employer, claiming he had bought them from a stranger. After selling them on instructions of his employer he started with the motors in an open pickup to take the motors and other personal property to a place near Hatch, New Mexico, owned by such employer. The pickup broke down at Alamogordo and the motors were left with the repair man as security for the repair bill. The appellant was subsequently arrested and admitted the sale of the motors as above set out.

There is no evidence in the record to sustain his conviction except the mere possession of the motors.

There is one place in the record where the defendant said he knew the motors were stolen but this was some time subsequent to the sale when he was giving a statement to a deputy sheriff and related to his knowledge at the time of the giving of the statement and not to the time of sale of the motors.

There is an old stock instruction in New Mexico that has never been questioned to our knowledge that the mere possession of recently stolen property is not sufficient in and of itself to warrant the conviction of a defendant on a charge of having stolen property in his possession, but that such possession, if not satisfactorily explained, is a circumstance to be taken into consideration with all of the other facts and circumstances in the case in determining the guilt or innocence of the defendant. There must be other proof showing the defendant had knowledge the property was stolen. Territory v. Claypool, 1903, 11 N.M. 568, 71 P. 463; Territory v. Graves, 1912, 17 N.M. 241, 125 P. 604, and State v. Floyd, 1918, 24 N.M. 31, 172 P. 188.

As there is a total lack of evidence even tending to show that the appellant knew the motors were stolen, the judgment

of conviction is reversed and the cause remanded to the district court with instructions to discharge the appellant.

It is so ordered.

COMPTON, CARMODY and CHAVEZ, JJ., concur.

MOISE, J., not participating.