517 P.2d 750

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**George Neil HANKS, Defendant-Appellant.**

**No. 1148.**

Court of Appeals of New Mexico.
Dec. 5, 1973.

Certiorari Denied Jan. 3, 1974.

R. W. Gallini, Heidel, Samberson, Gallini & Williams, Lovington, for defendant-appellant.

David L. Norvell, Atty. Gen., Randolph B. Felker, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

Defendant purchased a vehicle from one Beaty, a/k/a Harry Jorgenson. He was tried and convicted of receiving a stolen vehicle contrary to § 64–9–5, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2). He raises six points for reversal relating to the relevancy and sufficiency of the evidence and to the refusal of certain of his requests for instructions.

We affirm.

### Relevancy

The major issue before the trial court was whether defendant knew or had reason to believe that the automobile which he admittedly purchased was stolen. The

State introduced testimony which indicated that the average fair value of automobiles of the type and model purchased was far greater than the price defendant actually paid for it. Defendant argues that value is not an element of the crime charged as it is under § 40A–16–11, N.M.S.A.1953 (2d Repl. Vol. 6), relating to receiving stolen property. Therefore, he concludes that testimony concerning fair value was irrelevant and prejudicial. We disagree. A substantial discrepancy between fair value of an item and the price actually paid for it tends to prove defendant's guilty knowledge and was relevant to that issue. State v. Zarafonetis, 81 N.M. 674, 472 P.2d 388 (Ct.App.1970).

An issue at trial was whether the automobile had been damaged before defendant purchased it. If it had been damaged before defendant's purchase, then the discrepancy between value and purchase price tended to disappear. The State introduced evidence that the car was involved in a collision with some cattle after the date of defendant's purchase. This evidence included the testimony of an officer who investigated the collision, photographs of portions of the car after the collision and animal hair found on the car. Defendant claims the evidence was irrelevant. We disagree. The evidence was relevant to the question of the value of the car at the time defendant purchased it. Defendant claims the photographs were not admissible because they did not accurately portray the car. Again, we disagree. There was proper authentication of the photographs. State v. Thurman, 84 N.M. 5, 498 P.2d 697 (Ct.App.1972). The fact that portions of the car were not photographed did not render inadmissible the pictures that were in fact taken; pictures which had been properly authenticated.

### Sufficiency of the Evidence

Defendant contends that there was insufficient evidence that he knew or should have known that the automobile he purchased was stolen. The court in State v. Follis, 67 N.M. 222, 354 P.2d 521 (1960),

indicated the quantum of proof necessary to sustain a conviction, when it stated:

". . . the mere possession of recently stolen property is not sufficient in and of itself to warrant the conviction of a defendant on a charge of having stolen property in his possession, but that such possession, if not satisfactorily explained, is a circumstance to be taken into consideration with all of the other facts and circumstances in the case in determining the guilt or innocence of the defendant. There must be other proof showing the defendant had knowledge the property was stolen. . . ."

Defendant assumes that the above statement, made in a prosecution under § 40A–16–11, supra, correctly outlines the knowledge requirement under § 64–9–5, supra. He then argues that the State's evidence was totally circumstantial, that he has satisfactorily explained his possession and in the light of that explanation, the evidence is insufficient to sustain the conviction. We disagree. See State v. Madrid, 83 N. M. 603, 495 P.2d 383 (Ct.App.1972).

Here, there is more than evidence of possession of recently stolen property. There is the evidence of the car thief that defendant knew the car was stolen when he purchased it; evidence that the papers transferring the car to defendant were signed by the thief with an assumed name and that defendant knew this at the time the papers were signed; there is the evidence of the discrepancy between the sale price and the value of the car. The foregoing is evidence sufficient to sustain the conviction apart from the evidence of possession.

### Instructions

Defendant complains of the trial court's refusal to give three of his requested instructions. Two of the refused requests are asserted by defendant to have been proper theory of the case instructions. That was not defendant's objection in the trial court. The denial of these two requests, numbers 4 and 9, was objected to in

the trial court on the basis that they were not covered in instructions given by the court. This is the objection we consider. Request 4, on circumstantial evidence, was adequately covered by the instruction on that subject. State v. Cranford, 83 N.M. 294, 491 P.2d 511 (1971), cert. denied, 409 U.S. 854, 93 S.Ct. 190, 34 L.Ed.2d 98 (1973). Request 9, concerning two equal factual hypotheses as not fulfilling the State's burden of proof, was adequately covered by instructions on reasonable doubt and was properly refused under State v. Gruender, 83 N.M. 327, 491 P.2d 1082 (Ct.App.1971).

■ Refused request number 8 would have told the jury that guilty knowledge could not be inferred merely from the inadequacy of the price paid. This request was confusing and would have misled the jury because there was other evidence on the question of guilty knowledge. We need not decide whether the requested instruction was a proper statement of the law; the request was properly refused because it was confusing and misleading. See State v. Garcia, 83 N.M. 51, 487 P.2d 1356 (Ct.App.1971); State v. Buhr, 82 N. M. 371, 482 P.2d 74 (Ct.App.1971).

Judgment and sentence is affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.