526 P.2d 189

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Arvil Howard ELAM, Defendant-Appellant.**

**No. 1310.**

Court of Appeals of New Mexico.

July 24, 1974.

Certiorari Denied Sept. 4, 1974.

James R. Toulouse, James R. Toulouse & Associates, P.A., Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Prentis Reid Griffith, Jr., Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted of receiving stolen property valued in excess of $2,500.-00. Section 40A–16–11, N.M.S.A.1953 (2d Repl. Vol. 6). He appeals. We affirm.

Defendant contends: (1) the trial court erred in failing to quash the indictment when it declared § 40A–16–11(B), supra, unconstitutional; that the invalidity of Subsection (B) rendered the entire statute invalid; and (2) the evidence was insufficient to support a finding of knowledge or belief as required by § 40A–16–11(A), supra.

### (1) *The trial court did not err and Subsection (A) was valid.*

Defendant raises two issues: (a) the indictment should have been quashed because the trial court held Subsection (B), supra, unconstitutional, and (b) such decision rendered the entire statute unconstitutional.

Subsections 40A–16–11(A) and (B) read as follows:

A. Receiving stolen property means intentionally to receive, retain or dispose of stolen property knowing that it has been stolen or believing it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner.

B. The requisite knowledge or belief that property has been stolen is presumed in the case of an individual or dealer who:

(1) is found in possession or control of property stolen from two [2] or more persons on separate occasions; or

(2) acquires stolen property for a consideration which the individual or dealer knows is far below the property's reasonable value. A dealer shall be presumed to know the fair market value of the property in which he deals.

### (A) *Failure to quash indictment was not error.*

Defendant moved to quash the indictment for failure to charge an offense because § 40A–16–11, supra, was unconstitutional. The trial court ruled that Subsection (B), supra, was unconstitutional; "[t]hat this section is divisible from the remainder of the Statute and that Section A does state a crime without reference to Section B."

The trial court denied the motion to quash the indictment.

The State claims the motion was filed late and relies on State v. Paul, 82 N.M. 619, 622, 485 P.2d 375, 378 (Ct.App.1971). It holds that " * * * a motion to quash an indictment must be made before arraignment and plea." However, on July 1, 1972, Rule 33 of the Rules of Criminal Procedure was adopted [§ 41–23–33, N.M.S.A.1953 (2d Repl. Vol. 6, 1973 Supp.)]. Rule 33(e)(2) reads as follows:

(e) *Defenses And Objections Which Must Be Raised.* The following defenses or objections must be raised prior to trial:

. . . . . .

(2) Defenses and objections based on defects in the complaint, indictment or information other than a failure to show jurisdiction in the court or *to charge an offense,* which objections shall be noticed by the court at anytime during the pendency of the proceeding. Failure to present any such defense or objection, other than the failure to show jurisdiction *or charge an offense,* constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver.

If any such objection or defense is sustained and is not otherwise remediable, the court shall order the complaint, indictment or information dismissed.

■ Defendant's motion falls within the exception "to charge an offense" and it was not filed late.

Rule 33(e)(2) superseded the above quotation from State v. Paul, supra.

The State did not challenge the court's ruling that Subsection B was unconstitutional. Neither did the State dispute this ruling in its brief. Therefore, this is not an issue in the case. We do not decide by this opinion whether Subsection B is unconstitutional.

■ *First,* defendant contends that the indictment should have been quashed because the court qualified its decision by reading and reviewing the minutes of the grand jury. The trial court did not have the power to review the grand jury minutes to indicate the direction the evidence took. State v. Ergenbright, 84 N.M. 662, 506 P.2d 1209 (1973). But this error was harmless because it did not affect the substantial rights of defendant. Section 21–2–1(17)(10), N.M.S.A.1953 (Repl. Vol. 4). Reading and reviewing the grand jury minutes did not bear upon the trial court's decision that Subsection A stated a crime without reference to Subsection B; that Subsection B was divisible from the remainder of the statute. Error in reading and reviewing the grand jury minutes was not a basis for quashing the indictment in this case.

*Second,* defendant contends that the "grand jury was exposed to the taint of the invalid statutory presumption" which eliminated the necessity of finding the existence of probable cause as to each and every element of the crime, a vital element of the crime charged. No authority is cited for this contention. It is pure speculation. The defendant did not challenge the grand jury array or show any prejudicial irregularity in its formation.

Section 41–5–10, N.M.S.A.1953 (2d Repl. Vol. 6) provides in part:

Before the grand jury may vote an indictment * * *, it must be satisfied from the lawful evidence before it that an offense against the laws has been committed *and that there is probable cause to accuse by indictment the person named of the commission of the offense so that he may be brought to trial therefor.* * * * [Emphasis added].

■ The sufficiency of the evidence presented to a grand jury to establish probable cause for an indictment is not subject to judicial review. State v. Ergenbright, supra. We cannot peek behind the indictment to declare that the grand jury was exposed to any taint; that Subsection B eliminated the necessity of finding the existence of probable cause. The presentment of the indictment shows the jury was satisfied that there was probable cause to indict the defendant under Subsection A.

*Third,* defendant contends that absent Subsection B, the grand jury was not presented with sufficient evidence of knowledge, belief or intent as required by law.

A transcript of the hearing before the grand jury appears in the record under the pre-appeal order. On March 12, 1973, at the hearing on the defendant's motion to quash, the trial court, for purposes of an interlocutory appeal, looked at the grand jury transcript at the request of defendant's attorney and with permission of the State. The court said:

I think it would also be fair to the defendant and to the Court on appeal if they had a copy of the grand jury transcript, so I'm going to mark this as Exhibit 1 and we will include it in the transcript.

The defendant did not take an interlocutory appeal. Four days later, the trial began. The grand jury transcript did not become a part of the record during trial.

However, defendant relies upon the grand jury transcript to support its contention. The transcript was included in the record on appeal, but it cannot be considered by this court. Defendant concedes that the findings of the grand jury are conclusive, and the courts are without power to review its action. State v. Chance, 29 N.M. 34, 221 P. 183 (1923); State v. Paul, supra; State v. Ergenbright, supra. We have been requested to fashion an exception. This request has been unsuccessfully attempted before.

### (B) The statute, omitting Subsection B, was constitutional.

State v. Spearman, 84 N.M. 366, 503 P.2d 649 (Ct.App.1972) states the three tests by which a partially invalid statute can remain in force. Section 40A–16–11, supra, meets the three tests. Subsection A is valid absent Subsection B.

### (2) There was sufficient evidence of knowledge and belief of defendant that the property received was stolen.

The defendant admits that he was found in possession of property stolen from the University of New Mexico Zimmerman Library and the Albuquerque Public Library; that the value thereof exceeded $2,500.00. Defendant contends that the evidence is insufficient as a matter of law to prove the requisite knowledge or belief on defendant's part that the property was in fact stolen. We disagree. Defendant's knowledge and belief was an issue of fact for the jury.

The rules for determining whether there is substantial evidence to support a conviction appear in State v. Wilson, 85 N.M. 552, 514 P.2d 603 (1973) and State v. Polsky, 82 N.M. 393, 398, 482 P.2d 257, 262 (Ct.App.1971). "Unless a defendant admits knowledge of the fact that goods he has received are stolen, this knowledge of necessity must be established by circumstantial evidence." State v.

Lindsey, 81 N.M. 173, 177, 464 P.2d 903, 907 (Ct.App.1969). The reason is that "Guilty knowledge is rarely susceptible of direct and positive proof. * * *" State v. Zarafonetis, 81 N.M. 674, 675, 472 P.2d 388, 389 (Ct.App.1970). Defendant denied that he knew or had reason or cause to know that any of the documents or books were stolen.

* * * [M]ere possession of recently stolen property is not sufficient in and of itself to warrant the conviction of a defendant on a charge of having stolen property in his possession, but *that such possession, if not satisfactorily explained, is a circumstance to be taken into consideration with all of the other facts and circumstances in the case in determining the guilt or innocence of the defendant.* * * * [Emphasis added].

State v. Follis, 67 N.M. 222, 223, 354 P.2d 521 (1960). This has been interpreted to mean that "Possession of the stolen property is a circumstance to be considered in determining whether the offense has been committed." State v. Sero, 82 N.M. 17, 19, 474 P.2d 503, 505 (Ct.App.1970). Any false explanation of possession of stolen property is a circumstance indicative of guilt. State v. Viscarra, 84 N.M. 217, 218, 501 P.2d 261 (Ct.App.1972). To receive stolen property late at night from men who were not in the business, or in a similar business, were not employed in any business and were non-residents of the municipality where the articles were received by defendant, is sufficient evidence to sustain a conviction for receiving stolen property. State v. Gonzales, 79 N.M. 414, 444 P.2d 599 (Ct.App.1968).

In addition to possession of stolen property, the evidence shows the following:

(1) Defendant operated his business under the name of Julius Fineburg. From time to time, for diverse purposes, he used the name of Van Elamhoff, Charles Ilfeld, and B. Ilfeld, the grandson of Charles Ilfeld.

(2) Defendant purchased and used an embosser which had a number of seals to obliterate seals in books in his possession which belonged to the University of New Mexico.

(3) Defendant told several different stories about the acquisition of the books and documents. First, he had paid only $500.00 for documents to Fred, a total stranger, whose vehicle had a New Jersey license plate, whom he had casually met in front of an antique shop. Second, he falsely said he had been forced by a Santa Fe legislator, at threat of defendant's life, to purchase the documents and books. Third, defendant said he had purchased a large number of University books from an unidentified distributor in Houston, Texas, who had trouble selling the books because they had the University seal on them. His whereabouts were unknown. Fourth, he said that documents in the basement of his home, which were offered for sale, were supposedly discovered in cardboard boxes in the Bank of Santa Fe; that as Charles Ilfeld's grandson, he had prevailed on the bank to let him have them. Fifth, the Albuquerque Public Library books were purchased from unidentified persons.

(4) Possession of stolen property was not satisfactorily explained.

(5) Defendant falsely said the books had been removed from the Zimmerman Library at the University of New Mexico by use of a grappling hook shown him, that an unidentified person used to scale the walls to the top floor of the library and then entered through a window.

The foregoing evidence is sufficient to sustain the conviction apart from the evidence of possession. State v. Lindsey, supra; State v. Gonzales, supra. See, State v. Wise, 85 N.M. 640, 515 P.2d 644 (Ct. App.1973); State v. Zarafonetis, supra; State v. Hanks, 85 N.M. 766, 517 P.2d 750 (Ct.App.1973).

We cannot substitute our judgment for that of the jury. State v. Lard, 86 N.M. 71, 519 P.2d 307 (Ct.App.1974).

Affirmed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.