This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38161**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**HILLARY DAWN ANDERSON,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Charles D. Agoos, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant Hillary Anderson challenges the sufficiency of the evidence supporting her conviction for receiving or transferring a stolen vehicle, contrary to NMSA 1978, Section 30-16D-4 (2009). Unpersuaded by Defendant's argument, we affirm.

**BACKGROUND**

**{2}**     The following facts are based on the evidence presented during Defendant's trial.[1] On the morning of Christmas Eve in 2017, Shelby Pourier woke up and discovered that her 2006 Toyota Scion had been stolen. Pourier reported the theft of her Scion, which bore a Utah License plate, to the Albuquerque Police Department. Pourier was in the process of moving and had left a bag containing a spare key to the Scion and other items in the trunk at the time of the theft.

**{3}**     Two days later, Albuquerque Police Department Officer Talia Rosenberg's attention was drawn to a Scion parked in a dirt alley near Old Town in Albuquerque. Officer Rosenberg passed the alleyway but turned around to investigate the Scion further because it was unusual for a vehicle to be parked there. As she did so, the Scion drove out of the alleyway. Officer Rosenberg followed the Scion and ran the license plate. After learning the Scion had been reported stolen, Officer Rosenberg called for a backup officer to assist in stopping it.

**{4}**     Officer Shaune Reese responded to Officer Rosenberg's request for assistance and met Officer Rosenberg at the entrance to a dead-end street that the Scion had since turned down. While waiting for the Scion to reappear, Officer Reese retrieved a "spike belt" to assist in stopping the Scion if necessary. Both officers attempted to stop the Scion with verbal commands when it reappeared and headed out of the dead-end street. The Officers saw Defendant driving when they attempted to stop the Scion. Although Defendant approached the dead-end street entrance at a low speed, she accelerated as she drove past both officers. Officer Reese deployed the spike belt as Defendant drove past him. Although the spike belt made contact with the Scion's back tires, Defendant continued to drive out of the dead-end street and headed north on Rio Grande at a high rate of speed. Officer Reese returned to his patrol car and pursued Defendant as she fled in the Scion.

**{5}**     Officer Rosenberg pursued the Scion after retrieving the spike belt and was notified over the radio that the Scion had crashed. Officer Reese testified that once the Scion crashed, Defendant and two other individuals fled from the Scion on foot. Officer Reese pursued and apprehended Defendant.

**{6}**     Upon arriving at the location of the crash, Officer Rosenberg observed that there was no damage to the windows, locks, or ignition of the Scion, a key was in the ignition, and the Scion had its original license plates.[2] Officer Rosenberg then interviewed Defendant. Officer Rosenberg notified Defendant that she was under arrest for possessing a stolen vehicle and asked Defendant to explain why she was in a stolen vehicle.

---

[1]Defendant was also charged with one count of aggravated fleeing a law enforcement officer, contrary to NMSA 1978, Section 30-22-1.1 (2003). Although the State pursued the charge at trial, the district court granted Defendant's motion for directed verdict. Accordingly, our discussion of the facts presented at trial is limited to the facts relevant to Defendant's claim on appeal.

[2]Ms. Pourier later identified the Scion Defendant was driving as her vehicle at an impound lot and testified that her spare key was recovered with the Scion.

**{7}**     Defendant responded that Juan Diego Montoya, a passenger in the Scion, had picked her up to run errands. According to Defendant, Montoya offered to let her drive the Scion but told Defendant that she "had to drive like a normal person."

**{8}**     Defendant also testified that she was afraid of Montoya because he was a "bad influence" and "made her life miserable." Defendant explained that Montoya had previously taken a family member's car and had either sold or given it away, so Defendant's family considered the car stolen. Lastly, Defendant stated that Montoya told her not to stop when approaching the spike belt.

**{9}**     The jury convicted Defendant of one count of receiving or transferring a stolen vehicle. This appeal followed.

## DISCUSSION

**{10}**     Defendant argues that there was insufficient evidence to establish her conviction for receiving or transferring a stolen vehicle. Defendant asserts the evidence presented does not allow for the required inference that she knew or had reason to believe the vehicle was stolen. We disagree.

**{11}**     "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Ford*, 2019-NMCA-073, ¶ 7, 453 P.3d 471 (internal quotation marks and citation omitted). We "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "The relevant question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Montoya*, 2021-NMCA-006, ¶ 11, 482 P.3d 1285 (internal quotation marks and citation omitted).

**{12}**     "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883. The jury was instructed that, in order to convict Defendant of receiving or transferring a stolen vehicle, the State must prove beyond a reasonable doubt that (1) "[D]efendant had possession of a 2006 Toyota Scion"; (2) "[t]his vehicle had been stolen or unlawfully taken"; (3) "[a]t the time [D]efendant had this vehicle in her possession she knew or had reason to know that this vehicle had been stolen or unlawfully taken"; and (4) "[t]his happened in New Mexico on or about December 26, 2017."

**{13}**     Defendant concedes that the State introduced sufficient evidence to establish beyond a reasonable doubt all but the third element of the jury instructions. Therefore, we focus solely on the sufficiency of the evidence to establish that "[a]t the time

[D]efendant had this vehicle in her possession, she knew or had reason to know that this vehicle had been stolen or unlawfully taken."

**Defendant's Conviction for Receiving or Transferring a Stolen Vehicle**

**{14}**    Defendant argues that (1) evidence of fleeing from police; (2) evidence that a passenger may have stolen a car previously; and (3) evidence that she was driving the car at the time she was apprehended are insufficient to allow a jury to reasonably infer that she knew or had reason to believe the car was stolen.

**{15}**    "Guilty knowledge is rarely susceptible of direct and positive proof and generally can be established only through circumstantial evidence." *State v. Caldwell*, 2008-NMCA-049, ¶ 33, 143 N.M. 792, 182 P.3d 775 (internal quotation marks and citation omitted). Viewing the evidence in the light most favorable to the guilty verdict, *see Cunningham*, 2000-NMSC-009, ¶ 26, we conclude that sufficient evidence supports the jury's determination that Defendant knew or had reason to believe that the Scion was stolen.

**{16}**    Defendant was caught driving a Scion with a Utah license plate just two days after it was reported stolen. The jury also heard that soon after Officer Rosenberg began following Defendant, Defendant turned down a dead-end street and waited out of sight for a short while. A reasonable jury could infer Defendant was aware she was being followed by an officer and drove into the dead-end street in order to evade the officer and put an end to the officer's interest in the Scion. The jury also heard and saw a video recording of Defendant driving back out of the dead-end street, slowing down for the officers before accelerating as the officers attempted to stop her from leaving, and that she continued to drive away from the officers at a high rate of speed, even after running over the spike belt. The jury heard that Defendant and her two passengers got out of the Scion, left the key in the ignition, and fled on foot after crashing the vehicle. The aforementioned evidence provided the jury with the circumstances surrounding Defendant's flight from the officers. A reasonable jury could infer from the evidence of Defendant's evasive actions, her failure to heed the officers' verbal and physical commands to stop at the entrance to the dead-end street, her acts of fleeing in the Scion at a high rate of speed, and fleeing on foot without the key to the Scion, that Defendant knew or had reason to believe that the Scion was stolen. *See State v. Morales*, 2000-NMCA-046, ¶ 7, 129 N.M. 141, 2 P.3d 878 (recognizing that "[e]vidence of flight is relevant evidence in a criminal case because it tends to show consciousness of guilt[]" and that a "jury may draw an inference of guilt from flight . . . if the evidence is offered in connection with other circumstances" (internal quotation marks and citation omitted)).

**{17}**    Defendant argues in part that because the "undisputed evidence . . . presented to the jury that [she] was picked up in the vehicle by the two passengers earlier that day[,]" and that she "explained her flight was due to fear and following the commands of the a threatening passenger[,]" the evidence of her possession of the Scion and of her flight was insufficient to prove she had knowledge that the Scion was stolen. Although the

jury heard Defendant's explanation for her possession of the Scion and reasons for fleeing from the officers at the dead-end street, the jury as the fact-finder was free to weigh this evidence and accept or reject Defendant's statements. Given the jury's verdict, we assume the jury chose not to afford Defendant's statements credibility. *See State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 ("New Mexico appellate courts will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning . . . credibility[.]" (alteration, internal quotation marks, and citation omitted)). In fact, even if the jury believed Defendant's statements, it would have been reasonable for the jury to infer that Defendant followed Montoya's order not to stop because she had reason to believe the Scion was stolen. The Scion had a Utah license plate, a Utah Community College sticker on the lower driver's side windshield, and Montoya had previously taken a vehicle Defendant had borrowed from a family member and either had given it away or had sold it to another person.

{18}    To the extent Defendant also points to evidence that the vehicle did not have broken windows or other signs of having been broken into, these considerations were for the jury and are not for this Court on appeal. *See Rojo*, 1999-NMSC-001, ¶ 19 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."); *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 ("[W]e resolve all disputed facts in favor of the [s]tate, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." (internal quotation marks and citation omitted)). Here, the jury could have reasonably inferred that Defendant and/or Montoya retrieved the spare key from the trunk of the vehicle, thereby eliminating the need to damage the windows, locks, or ignition of the Scion. Viewing the evidence in the light most favorable to the jury verdict, we conclude sufficient evidence supports Defendant's conviction for possession of a stolen vehicle.

{19}    We do agree with Defendant that her general reaction, failure to deny the car was stolen, or lack of surprise is not evidence in and of itself that would support an inference of knowledge. However, though it cannot be the sole basis of a conviction, the jury could consider Defendant's reaction and explanation if they found Defendant's explanation unsatisfactory. *See State v. Elam*, 1974-NMCA-075, ¶ 21, 86 N.M. 595, 526 P.2d 189 (stating that possession not satisfactorily explained can be considered along with other circumstances in determining guilt of the defendant). We assume the jury found Defendant's explanation unsatisfactory because it convicted Defendant of receiving or transferring a stolen vehicle.

{20}    Defendant asserts that the State's evidence, considered individually, is insufficient. We agree that possession, flight, or association are insufficient individually. *See, e.g.*, *Montoya*, 2021-NMCA-006, ¶ 27 ("Merely being in possession of a vehicle owned by another does not create a reasonable inference that the vehicle is stolen or that the entry was unauthorized: authorized possession of a vehicle owned by another is too common an occurrence."); *Morales*, 2000-NMCA-046, ¶¶ 7-11 (discussing that there must be "more than evidence of mere spontaneous flight" to show that a defendant is guilty of the crime charged); *State v. Becerra*, 1991-NMCA-090, ¶ 13, 112

N.M. 604, 817 P.2d 1246 (stating that "association with those who possess drugs is not sufficient to support a conviction for possession"). But, "[j]ust because each component may be insufficient to support the conviction when viewed alone does not mean the evidence cannot combine to form substantial, or even overwhelming, support for the conviction when viewed as a whole." *State v. Romero*, 2019-NMSC-007, ¶ 62, 435 P.3d 1231 (internal quotation marks and citation omitted).

**{21}** The jury could view possession, flight, and association collectively in finding Defendant knew or had reason to believe the vehicle was stolen. The jury could further view possession, flight, and association in light of other factual circumstances: the stolen spare key was used to drive the car, the car still had its Utah license plates, and Defendant was driving the car two days after it was reported stolen. Viewing these circumstances collectively, we conclude that a rational trier of fact could have found that Defendant knew or had reason to believe the vehicle was stolen. *See Montoya*, 2021-NMCA-006, ¶ 11.

**{22}** Finally, Defendant argues that her flight from the officers in the vehicle and then on foot must be viewed as unitary conduct under *State v. LeFebre*, 2001-NMCA-009, 130 N.M. 130, 19 P.3d 825. *LeFebre* prevents the State from charging two separate offenses from one instance of flight when a defendant attempts to evade police through multiple means. *Id.* ¶ 23 ("Division of the offense based on the means of locomotion used during one chase episode is artificial and not requires or contemplated by the statute."). *LeFebre* did not address whether jurors could consider all forms of flight individually as circumstantial evidence supporting an inference of guilt. *See Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 15, 115 N.M. 622, 857 P.2d 22 (holding that opinions are not authority for propositions not considered). Therefore we find Defendant's reliance on *LeFebre* misplaced.

**CONCLUSION**

**{23}** For the forgoing reasons, we affirm Defendant's conviction for receiving or transferring a stolen vehicle.

**{24}  IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**