The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: December 23, 2024

**No. A-1-CA-41524**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**BRIANA RUIZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Sánchez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**BOGARDUS, Judge.**

{1}     Defendant Briana Ruiz appeals the decision made by the district court denying her motion challenging the preliminary hearing proceedings and the magistrate court's finding of probable cause felony charges because the district court lacked jurisdiction. Defendant contends that the district court has jurisdiction to consider her motion and erred in its determination not to review the merits of that motion. Defendant requests a reversal of the district court's ruling and a remand for the consideration of her motion. We affirm.

**BACKGROUND**

{2}     On March 6, 2023, the State filed a criminal complaint against Defendant in the Lea County Magistrate Court for aggravated battery and possession of a firearm by a felon. The complaint was written by Hobbs Police Department Detective Justin Santos (Detective Santos) following an altercation that occurred between Defendant and Starla Franco. Detective Santos compiled his complaint with the information he obtained through separate interviews of Starla, Cyntell Pringler (Starla's boyfriend), and Lisa Franco (Starla's sister), all of whom were present at the time of the altercation. According to the complaint, Starla, Cyntell, Lisa and Defendant were at Starla's apartment when Defendant decided to leave to put things in her car. Lisa left the apartment with Defendant, and the two began to argue when Defendant became

frustrated because she could not open her car. Because of the argument, Starla left her apartment and intervened, putting herself between Lisa and Defendant, and became the "primary aggressor." Lisa asserted that Starla punched Defendant in the face several times. Shortly after Defendant was punched, Starla was shot near her hip. Neither Starla nor Lisa told Detective Santos that they saw where the shot came from. Cyntell told Detective Santos that Defendant shot Starla with a gun that Defendant grabbed from her car when she was able to open it. After Starla was shot, Cyntell claims that he tried to stop Defendant from driving away but could not. Officers Jorge Colin and Edgar Soto arrived on the scene after responding to a call regarding a female with a gunshot wound. When they arrived, the Officers found Starla on the ground, and Officer Colin provided aid until EMS arrived and took Starla to the hospital.

{3}     The criminal complaint described Defendant as "heavy set, short, black hair, and works at the Allsups" near Hobbs High School. The complaint also stated that Defendant drove a "white new model sedan," likely a Nissan Altima or Chevy Impala. Detective Santos noted in the complaint that, approximately six months before, he investigated an incident with a woman named "Briana Ruiz" matching the description of Defendant given to him by the witnesses. He identified Defendant based on this information. A warrant was issued for Defendant's arrest and she was arrested on June 1, 2023.

{4} An initial preliminary hearing was set for June 15, 2023, however, Defendant filed a stipulated motion to extend time, which was granted, and the hearing was reset. The preliminary hearing was held on July 20, 2023, and the magistrate court bound Defendant over on the charges for aggravated battery (deadly weapon) and felon in possession of a firearm. At this hearing, the State introduced testimony from Detective Santos as well as the two officers (Officer Soto and Officer Colin). On July 31, 2023, a criminal information was filed with the district court pertaining to those charges and Defendant was arraigned in the district court on August 14, 2023. On October 24, 2023, Defendant filed a motion challenging the probable cause finding at the hearing, claiming that at both preliminary hearings the detective and two officers appeared, but the eyewitnesses failed to appear.[1] Defendant argued in her motion challenging the probable cause determination that, without the testimony of Starla or any of the eyewitnesses, the testimony of law enforcement engaged in

---

[1]We note that although the Rules of Evidence apply to preliminary hearings, our Supreme Court found that, consistent with the Federal Sixth Amendment Right of Confrontation under the United States Constitution, and Article II, Section 14 of the New Mexico Constitution, these rules do not apply to probable cause determinations in preliminary examinations stating, "There is nothing in the structure or text of the New Mexico Constitution that would make it any more reasonable to apply the full panoply of constitutional trial rights at preliminary examinations conducted to determine probable cause to prosecute than it would be to do so at grand jury determinations of probable cause to prosecute or pretrial determinations of probable cause for a search or arrest." *State v. Lopez*, 2013-NMSC-047, ¶ 19, 314 P.3d 236.

the investigation was insufficient to support a finding of probable cause that Defendant was the one who shot Starla.

{5} On November 8, 2023, the district court denied Defendant's motion, concluding that it did not "have the jurisdiction to reopen a preliminary examination conducted in the Magistrate Court." The district court granted the Defendant's motion for order certifying the case for interlocutory appeal on December 1, 2023, and this Court granted Defendant's application for interlocutory appeal.

**DISCUSSION**

{6} Defendant contends that the district court erred in concluding that it had no jurisdiction over defense counsel's motion and also erred in denying the motion on jurisdictional grounds without considering its merits for three reasons: (1) "the district court has inherent authority to review the magistrate court's probable cause determination since its own jurisdiction depends on the propriety of the lower court's ruling"; (2) the district court "has constitutional and statutory authority over magistrate courts and the ability to review . . . the magistrate court de novo"; and (3) case law supports that "district courts have long exercised this type of authority in the preliminary hearing and related contexts."

{7} The State argues that the district court correctly concluded that it lacked the authority to review the evidence that supports the finding of probable cause by the magistrate court. The State cites to *State v. Ayon*, 2023-NMSC-025, 538 P.3d 66, a

case recently decided by our Supreme Court, drawing a parallel between *Ayon*'s finding that a district court is without authority to exclude illegally obtained evidence at a preliminary hearing, and the facts presented here. *See id.* ¶¶ 15-18. We conclude that the district court has no authority to review the magistrate court's probable cause determination, as it would not have the authority to do so by way of grand jury indictment.

**I.     Preliminary Examination Hearings are Congruent to Grand Jury Proceedings**

{8}     In *Ayon*, our Supreme Court held that because of their fundamental similarities, the rules that govern grand jury proceedings and preliminary hearings are similar. *See id.* ¶ 15 (stating that the rules regarding the exclusion of illegally obtained evidence are congruent for grand jury proceedings and preliminary hearings). Within the context of the case before us and applying the framework established by *Ayon*, we use the statutes that govern grand jury proceedings to evaluate Defendant's claim that the district court had the authority to review the sufficiency of the evidence admitted at her preliminary hearing before a magistrate judge.

**II.    The Constitutional and Statutory Consistency of Preliminary Hearings and Grand Jury Proceedings**

{9}     "The proper interpretation of our Rules of Criminal Procedure is a question of law that we review de novo." *Allen v. LeMaster*, 2012-NMSC-001, ¶ 11, 267 P.3d

806. The rights of the accused are clear under the New Mexico Constitution, which states that "[n]o person shall be held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury or information filed by a district attorney or attorney general or their deputies." N.M. Const. art. II, § 14. Likewise, it also states that "[n]o person shall be so held on information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination." *Id.* As a result, a defendant may not be tried for a serious criminal offense absent a determination of probable cause by a grand jury or a judge at a preliminary examination. *See State v. Lopez*, 2013-NMSC-047, ¶ 2, 314 P.3d 236 (clarifying that the right of confrontation guaranteed by both the Sixth Amendment to the United States Constitution and Article II, Section 14 of the New Mexico Constitution does not extend to preliminary examinations conducted to determine probable cause to prosecute).

**III.    Standards for Reviewing Challenges to Grand Jury Proceedings**

{10}    "Challenges arising from grand jury proceedings ordinarily fall into two categories: (1) challenges to the quality or sufficiency of the evidence before the grand jury and (2) structural challenges involving the manner in which the grand jury process has been conducted." *Herrera v. Sanchez*, 2014-NMSC-018, ¶ 12, 328 P.3d 1176. "A target's ability to challenge the sufficiency of the evidence before the grand jury generally is limited to the review permitted by statute." *Id.* ¶ 13.

{11} NMSA 1978, Section 31-6-11(A) (2003) provides the following:

> Evidence before the grand jury upon which it may find an indictment is that which is lawful, competent and relevant, including the oral testimony of witnesses under oath and any documentary or other physical evidence exhibited to the jurors. The Rules of Evidence shall not apply to a grand jury proceeding. The sufficiency of the evidence upon which an indictment is returned shall not be subject to review absent a showing of bad faith on the part of the prosecuting attorney assisting the grand jury.

{12} Section 31-6-11(A) provides the clearest understanding that the district court lacks the authority to review the sufficiency of the evidence with which an indictment is returned by a grand jury without a showing of bad faith by the prosecutor. We find no specific statutory authority that addresses whether the district court can review the sufficiency of the evidence used to find probable cause in a preliminary examination. Consequently then, we follow the framework of *Ayon* and analyze the facts of this case and the relevant law to be consistent with statutory authority governing grand jury proceedings.

**IV. Review of the Sufficiency of the Evidence for a Probable Cause Determination**

{13} "The sufficiency of the evidence presented to a grand jury to establish probable cause for an indictment is not subject to judicial review." *State v. Elam*, 1974-NMCA-075, ¶ 14, 86 N.M. 595, 526 P.2d 189. In *Ayon*, our Supreme Court observed that grand jury proceedings and preliminary hearings share a common primary purpose of determining probable cause. *See* 2023-NMSC-025, ¶ 17

8

(recognizing that grand jury proceedings and preliminary hearings both "provide a neutral evaluation of whether the state has met its burden of demonstrating probable cause to prosecute a serious crime"). At a grand jury proceeding, it is a panel of jurors who decide whether the state has demonstrated probable cause. NMSA 1978, § 31-6-1 (1983). The same determination is made at a preliminary hearing, except it is the judge who concludes whether the state has demonstrated probable cause. Rule 5-302(D) NMRA.

{14} Although *Ayon* differs factually from the case at hand, we find the rationale relied on by our Supreme Court instructive in determining whether a district court has the authority to review a probable cause determination made at a preliminary hearing. In *Ayon*, the Court addressed whether a district court had the authority, at a preliminary hearing, to determine whether evidence was illegally obtained. 2023-NMSC-025, ¶ 5. The Court recognized the inherent similarities between grand jury indictments and preliminary hearings and ultimately concluded that just as a district court cannot review the admissibility of the evidence presented to a grand jury, a district court cannot review the admissibility of the evidence presented at a preliminary hearing. *Id.* ¶¶ 16-18. In so concluding, the Court reasoned that "fundamental similarities between grand jury proceedings and preliminary hearings favor our conclusion that their rules on the exclusion of illegally obtained evidence should be congruent." *Id.* ¶ 15. This common purpose supports our view that district

courts lack authority to review probable cause determinations made in either type of proceeding, whether by a grand jury or a magistrate judge. *See State v. Martinez*, 2018-NMSC-031, ¶ 39, 420 P.3d 568 (holding that a district court lacked authority to review the admissibility of evidence considered by the grand jury).

{15} Based on our review of *Ayon* and considering the common primary purpose that grand jury proceedings and preliminary hearings share regarding probable cause determinations, we conclude that the district court lacked the authority to review the magistrate court's probable cause determination in this case. In so concluding, we also recognize the absence of any statutory authority expressly granting district courts the ability to review probable cause determinations made by magistrate courts. Our conclusion aligns with the well-established principle in grand jury proceedings barring district courts from reviewing probable cause determinations, absent a finding of bad faith. *See* § 31-6-11(A).[2]

{16} Defendant does not develop an argument on appeal concerning the sufficiency of the evidence to support the magistrate court's probable cause determination. Therefore, we need not address that issue. *See State v. Guerra*, 2012-NMSC-014,

---

[2]Because Defendant does not argue that the prosecution in this case acted in bad faith, we need not address whether such a claim would be reviewable on direct appeal to the district court. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("It is of no benefit either to the parties or to future litigants for [an appellate court] to promulgate case law based on [its] own speculation rather than the parties' carefully considered arguments.").

¶ 21, 278 P.3d 1031 (recognizing that appellate courts are under no obligation review unclear or undeveloped arguments).

**CONCLUSION**

{17}     For the foregoing reasons, we affirm.

{18}     **IT IS SO ORDERED.**

_____
**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

_____
**JACQUELINE R. MEDINA, Judge**

_____
**JANE B. YOHALEM, Judge**