This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41880**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JESSICA ZARCO a/k/a**
**JESSICA JELLUM,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Courtney B. Weaks, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**    This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's judgment and sentence, challenging the sufficiency of the evidence supporting her conviction for receiving or transferring a stolen motor vehicle. [RP 107; BIC 8] Specifically, Defendant argues that the evidence is not sufficient to demonstrate she had reason to know that the vehicle she was driving was stolen. [BIC 3, 10]

**{3}** When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted); *see State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 ("Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks and citation omitted)). We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)).

**{4}** The jury instruction for receiving or transferring a stolen motor vehicle required that the State prove beyond a reasonable doubt that: (1) Defendant had possession of a 2014 green Kia Soul, belonging to William Byrd; (2) the vehicle had been "stolen or unlawfully taken"; (3) "[a]t the time [D]efendant had this vehicle in her possession she knew or had reason to know that this vehicle had been stolen or unlawfully taken"; and (4) these events happened in New Mexico on or about April 19, 2023. [RP 96] *See* UJI 14-1652 NMRA.

**{5}** According to Defendant, the following material evidence was presented at trial. William Byrd was the owner of a green 2014 Kia Soul, and when it was stolen in August of 2022, Byrd filed a police report to that effect. [BIC 3] In April 2023, Defendant borrowed a Kia Soul from her friend, Gloria Padilla. Defendant had known Padilla for approximately eight months, and the Kia had been sitting in Padilla's yard for as long as Defendant had known her. [BIC 4] Defendant noticed the Kia's ignition was missing and knew that without the ignition, she would have to start the Kia with a screwdriver. [Id.]

**{6}** The arresting officer testified that he conducted a traffic stop on the vehicle Defendant was driving—described as a dark-colored Kia Soul—on April 19, 2023. [BIC 5] The Kia had a dealer's license plate tag from 2020, the passenger window was broken and covered with duct tape, and the vehicle identification number (VIN) inside the windshield had been scratched off. [BIC 5-6] When asked to turn the vehicle off, Defendant stated, "[T]his is going to look sketchy," before turning the car off using a

screwdriver. [BIC 5] Upon running the VIN through the computer, the officer discovered the Kia had been reported as stolen. [BIC 6] The officer opined that he believed a reasonable person should have known that the car was stolen, based on there being "no keys, the broken window, the destroyed public VIN number, as well as the completely destroyed ignition." [Id.]

{7}    Viewing the evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we conclude that there was sufficient evidence to support the jury's verdict beyond a reasonable doubt. *See Samora*, 2016-NMSC-031, ¶ 34.

{8}    Defendant argues that the evidence was insufficient to demonstrate that she had reason to know that the Kia had been stolen. [BIC 10] It is undisputed, however, that Defendant knew that starting the Kia with a screwdriver looked "sketchy" and was behavior commonly associated with stolen vehicles. [BIC 5] In fact, Defendant testified that she had enough suspicion regarding the Kia's provenance that she asked Padilla if it had been stolen. [BIC 4] These facts, taken together, support an inference that Defendant knew or should have known that the Kia was stolen. *See State v. Duran*, 2006-NMSC-035, ¶ 7, 140 N.M. 94, 140 P.3d 515 ("Intent is subjective and is almost always inferred from other facts in the case, as it is rarely established by direct evidence." (internal quotation marks and citation omitted)); *State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 (stating that "circumstantial evidence alone can amount to substantial evidence" and that "intent is subjective and is almost always inferred from other facts in the case" (alterations, internal quotation marks, and citation omitted)), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, ¶ 87, 478 P.3d 880; *see also State v. Elam*, 1974-NMCA-075, ¶ 21, 86 N.M. 595, 526 P.2d 189 (stating that possessing recently stolen property, if not satisfactorily explained, is a circumstance to be considered in determining the guilt of the defendant); *cf. State v. Sizemore*, 1993-NMCA-079, ¶ 9, 115 N.M. 753, 858 P.2d 420 ("A person has knowledge of stolen property if he or she . . . has his or her suspicions definitely aroused and refuses to investigate for fear of discovering that the property is stolen.").

{9}    To the extent Defendant suggests that contrary evidence supports her innocence, we note that the jury was free to reject Defendant's version of the facts. *Rojo*, 1999-NMSC-001, ¶ 19. Further, it was for the jury to resolve any conflicts and determine the weight and credibility of the testimony. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. We do not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *See State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156. Accordingly, we conclude that the evidence presented was sufficient to sustain Defendant's conviction for receiving or transferring a stolen motor vehicle.

{10}    For the foregoing reasons, we affirm Defendant's conviction.

{11}    **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**